[No. 975.   January 14, 1903.]

## THE TERRITORY OF NEW MEXICO, Appellee, v. JOSEPH TAYLOR, Appellant.

### SYLLABUS.

1.   Under section 2879, Comp. Laws of 1897, a change of venue in civil and criminal cases may be made on oral motion. Sections 2881-2884, Comp. Laws of 1897, give another mode by which venue may be changed.

2.   A court may err in remarking in the hearing of the jury that there is no proof of a fact material for the defense, when there is testimony to prove such fact, but before error will lie, counsel must point out to the court the evidence which shows that the judge is wrong and ask him to instruct the jury that the remark made by him must not be considered by them in arriving at their verdict.

3.   The trial court need give no instruction asked for by either party, even if correct in point of law, if those given by the court cover the case, and submit it properly to the jury.

Territory v. Taylor.

4. This court will not consider on appeal, any matter except those relating to jurisdiction, unless objection is made and exception saved.

5. The trial court has the right to instruct the jury that they are authorized to take into consideration the interests of the parties in the result of the suit or the relationship of the witnesses testifying to the parties in interest in determining the weight to be given to their testimony.

Appeal from the district court of Chaves county, before DANIEL H. McMILLAN, Associate Justice. Affirmed.

GATEWOOD & BATEMAN for appellant.

The conversation between defendant Taylor and deputy Richards while Taylor was enroute to and only a short distance from Pratt's residence for the purpose of preventing Pratt's escape, was important and material to defendant for the purpose of showing the frame of mind and intent with which defendant went to Pratt's residence and intercepted Pratt, Fort and Neal to prevent their escape, and it was error to exclude it.

> Lane v. Moore, 151 Mass. 87, 21 Am. St. 430; Com. v. Trefethen, 157 Mass. 180, 31 N. E. 961; 9 Am. and Eng. Ency. of Law (2 Ed.), 6, and authorities cited; Gillett's Ind. and Coll. Ev., 274, et seq., and authorities cited; Coller v. State, 36 Tex. Cr. 268; Simmons v. State, 31 Tex. Cr. 227; Bonnard v. State, 25 Tex. App. 173; Irby v. State, 25 Tex. App. 202; Price v. State, 107 Ala. 161.

The remark of the court in the presence and hearing of the jury, to the effect that there was no evidence whatever of an attempted escape by Pratt, Fort and Neal, was highly improper and extremely prejudicial to defendant. Considering the time and circumstances under which the remark was made it had the force of an

instruction to the jury from the bench and was reversible error.

Comp. Laws 1897, sec. 2994; 1 Thomp. on Trials, secs. 218-9; Hughes' Crim. Law and Proc., secs. 2859-60; 21 Ency. Pl. and Pr., 994-5-6, pars. 6 et seq., Kirk v. Territory, 60 Pac. 797; White's Annotated Tex. Code Crim. Proc., secs. 495-6; Weyrich v. People, 89 Ill. 90; State v. Washington, 30 La. Ann. 49.

The trial court committed reversible error each time in refusing to give the respective instructions asked for by defendant, numbered from 1 to 12 inclusive.

Am. and Eng. Ency. Law, 890; Coyles v. Hurtin, 10 Johns. (N. Y.) 84; Am. and Eng. Ency., 885; U. S. v. Boyd, 45 Fed. 851; Phillips v. Tull, 11 Johns. 486; Holly v. Mix, 3 Wend. (N. Y.) 350; Burns v. Erhen, 40 N. Y. 463; Wharton's Crim. Pl. and Pr. (9 Ed.), sec. 13; Wharton's Crim. Law, secs. 432-3; Harris' Crim. Law (Force's Ed.), 251; 1 Hale P. C., sec. 489; 1 Hawk. P. C., sec. 28; 1 East P. C., 302; Hawkins v. Commonwealth, 61 Am. Dec. 162; State v. Mowry, 15 Pac. (Kan.) 282; Kennedy v. State, 6 N. E. 305; Simmerman v. State, 21 N. W. (Neb.) 387; Territory v. McGinnis, 61 Pac. (N. M.) 208; Territory v. Friday, 8 N. M. 208; First Nat. Bk. v. Currie, 44 Mo. 91; Wright v. Com., 85 Ky. 123; U. S. v. Boyd, 45 Fed. 851; Long v. State, 12 Ga. 293; Brooks v. Com., 61 Pa. St. 352; Neal v. Joiner, 89 N. C. 287; Kennedy v. State, 107 Ind. 144; Renck v. McGregor, 32 N. J. L. 70; State v. Mowry, 37 Kas. 369; Dodd v. Board, 43 Ill. 95; State v. Stowell, 15 N. W. 417; Keeter v. Case, 41 S. W. (Tex.) 528; Buford v. Bostwick, 50 Tex. 528; Chinn v. Taylor, 64 Tex. 385; Copeland v. State, 38 S. W. (Tex.) 210; Thomp., Trials, secs. 2328-9.

EDWARD L. BARTLETT, Solicitor-General, for appellee.

Persons applying for and procuring a change of venue cannot object to the jurisdiction of the new court.

> 4 Ency. Pl. and Pr., p. 489.

Neither can he question the regularity of the proceedings.

> 4 Ency. Pl. and Pr., p. 493 and cases cited
> in note 3 and p. 494.

The trial court enjoys peculiar facilities for observing the propriety or impropriety of forensic arguments, and its discretion when invoked should not be interfered with in the absence of obvious or probable injury.

> Chacon v. Territory, 7 N. M. 247; 1 Thomp.
> on Trials, secs. 956, 958.

In charging the jury the court should limit its instructions to the facts in evidence.

> 11 Ency. Pl. and Pr., p. 168.

The fair test of the propriety of a charge cannot be whether it is abstractly right. It must be considered with reference to the evidence of the facts charged on which the jury is required to respond. The converse of this rule is equally true, and equally well supported by the cases.

> Territory v. Fewell, 5 N. M. 44; Rodey v.
> Ins. Co., 3 N. M. 544-549; Crabtree v. Segrist,
> 3 N. M. 503-4; Territory v. Anderson, 4 N. M.
> 226; Territory v. Baker, 4 N. M. 267; Territory
> v. Faulkner, 6 N. M. 480.

If defendant was not satisfied with the instructions given, he should have offered a proper instruction covering the point.

> Territory v. O'Donnell, 4 N. M. 210.

It was not error for the court to refuse to give the instructions asked for by the defendant, even if correct in point of law, provided those given covered the entire case, and submitted it properly to the jury.

Laber v. Cooper, 7 Wall. 571; Beall v. Territory, 1 N. M. 518; Territory v. Romero, 2 N. M. 474.

As to the instruction concerning defendant as a witness—

Hicks v. U. S., 150 U. S. 452; Faulkner v. Territory, 6 N. M. 485; Territory v. Romero, 2 N. M. 114; 2 Thomp. on Trials, sec. 2445 and cases cited in note.

### STATEMENT OF FACTS.

The appellant, Joseph Taylor, was indicted by the grand jury of Eddy county on the tenth day of October, 1898, charged with having committed an assault with a deadly weapon on one William Neal. Continuances were had until the tenth day of April, 1901, when on motion of the defendant a change of venue was granted, and the case was sent to Chaves county, New Mexico, for trial, and the clerk of the court was ordered to send all papers and a certified copy of all the proceedings to Chaves county as early as convenient. The motion for the change of venue appears to have been made orally, as the transcript does not set out on what it was based.

On October 31, 1901, in Chaves county, the case was called for trial; the defendant appeared, attended by his attorney, G. A. Richardson, Esq., reading of the indictment was waived and a plea of not guilty entered; a motion for continuance was filed, based on the ground that one of the witnesses for defendant was unwell, but the Territory agreeing that the witness, if present, would swear to the state of facts set out in the affidavit accompanying the motion, and agreeing that the same might be read in evidence, the motion was overruled and the trial was proceeded with. The jury found the appellant guilty. Motion for new trial was made and overruled, and the appellant was sentenced to one year in the penitentiary, from which sentence an appeal was taken to this court.

OPINION OF THE COURT.

MILLS, C. J.—The evidence in this case is exceedingly conflicting and it is difficult, if not impossible, for one who did not see the witnesses on the stand and hear them testify, to come to a conclusion as to the truth of the matter charged. Where the testimony of a witness is set out in cold type, as a rule, that given by one looks to be as fair and reasonable as that given by another, and from a mere reading it is impossible to determine which is telling the truth. This is the reason why this court on appeal does not look into the evidence to determine where the weight of it lies, but leaves that to the jury, and it is the reason why we will not disturb the verdict given by a jury unless it is palpably contrary to the weight of the evidence, and manifestly unjust and unfair.

There are some points in this case which are not disputed, viz.: That on the twenty-sixth day of May, 1898, shortly before the assault complained of, Le Grand Pratt, had shot and killed one man, and wounded another, a deputy sheriff, in a dispute concerning the right to use a certain water for irrigation purposes; it is also undisputed that a man named Fort was with Pratt at the time he did the killing and wounding, and it is also proved that one William Neal, who was in Pratt's employ, was shot in the body at or near the Pratt homestead, and that Pratt, Fort and Neal and others were in or near the Pratt house at the time Neal was so wounded.

The Territory endeavored to show that Pratt was in the house changing his clothes when appellant Taylor rode up and dismounted at a weir on an irrigation ditch, about one hundred and seventy-nine steps distant from the Pratt house; that he (Taylor) got into the ditch and called to Pratt to come out, and at once began to shoot into the house. That the first shot he fired passed through the house, striking the window casing and shat-

tered a pane of glass on the far side of the house, and went into the back of a young man named William Neal, who stood leaning against a workbench, which was against the house on the outside. Pratt claims that after Taylor fired the first shot, he seized his rifle, a needle gun, went out of the house, and fired several shots in return, when Taylor finally escaped. This story is corroborated by several witnesses who were in the house.

The theory of the defense is that Taylor had heard of the killing by Pratt earlier in the day, and that the wounded deputy sheriff had instructed him to go down to Pratt's house and arrest Pratt or prevent his escape, until the arrival of the sheriff, and that acting on these instructions, as he approached Pratt's house, being about three hundred yards from it, he met Pratt, Fort and Neal on horseback, armed with guns, riding away from the house towards the mountains, and in a direction away from the county-seat, where they might have given themselves up. That he (Taylor) rode in front of them, ordered them back to the house, saying that he was sent to hold them until the sheriff came; that they turned back and went towards the house, but that he (Taylor) went no nearer to it, and that when they reached the neighborhood of the house, as he was kneeling on the prairie, they all three began to shoot at him (Taylor), and that in self-defense he returned their fire, but finally fled, and that they continued to fire at him until he reached Bowman's store. Taylor's evidence is corroborated by several witnesses, either in whole or in part, all of whom were at a considerable distance from the scene.

Several grounds of alleged error are discussed in the brief of the appellant, which we will now proceed to consider.

The first error assigned is that the district court of Chaves county was wholly without jurisdiction to try this case and that therefore the trial was a nullity.

This assignment is based on the fact that the indict-

ment was originally returned to the district court of Eddy county, and that on the oral motion of the counsel for the appellant, unsupported by affidavits, a change of venue was subsequently granted to the district court of Chaves county, in the same judicial district where the trial was subsequently had.

In this Territory we have two separate and distinct statutes regulating the changing of venue. The first statute on this subject was passed early in the history of the Territory and was amended by chapter 9 of the laws of 1882, and as amended is still carried in our Compiled Laws as section 2879. This statute provides that in all cases, both civil and criminal the venue "shall be changed to some county free from exceptions, whenever . . . or for any other proper cause satisfactory to the judge before whom the motion is made." This statute does not require the motion for the change of venue to be in writing. It vests the power to grant the change solely in the presiding judge, and gives such judge the undoubted right to change the venue in any case on motion being made, when he is satisfied that proper cause exists for such a change.

The other act allowing a change of venue was passed in 1889, sections 2881-2884, Compiled Laws of 1897, and sets forth that the venue shall be changed in civil and criminal cases when the party moving shall file a certain affidavit, which is set out in the act, supported by the oaths of two disinterested persons, that they believe the facts stated therein are true. This last act is mandatory and entitles the moving party to a change of venue under the restrictions as laid down by this court in the cases of the Territory v. Leary, 8 N. M. 180; and Territory of Gonzales, 68 Pac. 925.

In the case at bar the learned counsel for the appellant, who, by the way, did not try the case below, take it for granted that the motion for the change of venue was granted under the mandatory law of 1889. We can see nothing in this contention, as the acts necessary to

secure a change of venue under that law do not appear in the record, while enough is set out in it to secure the change of venue under the law of 1882. In the absence of anything to the contrary appearing in the transcript we must presume that the trial judge exercised a sound judicial discretion in changing the venue in this case.

It comes with poor grace from the one who secured the change of venue, to now assert that the court to which the change was granted at his request, had no power to try the case. The district courts both of Chaves and Eddy counties are courts of general jurisdiction; they are in the same judicial district, and are presided over by the same judge; besides, independent of the statute allowing a change of venue, it is the rule that one "who has applied for and obtained a change of venue can not question the regularity of the proceedings." 4 Ency. P. and P. 489.

We hold therefore that under our statutes, and independent of the rule just enunciated, the change of venue in this case was properly granted under section 2879 of the Compiled Laws of 1897 of this Territory, and that the district court of Chaves county had jurisdiction to try this case.

On the hearing before this court, the attorney for the appellant stated that he waived the second assignment of error, consequently we will not consider or pass upon it.

The next assignment is that in a felony case it is reversible error for the trial judge in the hearing of the jury to remark that there is no proof of a fact material for the defense, when in fact there was testimony to prove such fact.

We think that this assignment correctly states the law, although possibly it puts it somewhat too broadly. Whether or not the remark, made by a judge during the summing up of a case by counsel, to the effect that there is no proof of some fact which counsel is arguing,

is reversible error, depends entirely upon what the statement is and the manner in which it is made.

This court has held that when the argument of counsel was a misstatement of the evidence to the jury, or which the court thought was a misstatement of the evidence, that it was proper for the presiding judge to call the attention of counsel to the mistake or supposed mistake, so that the same might be corrected. Territory v. Cordova, 68 Pac. 919. All that appears in the record on this point is as follows:

"That afterwards, to-wit, in the course of said term, upon the trial of said cause, and while one S. H. Harris, Esq., of counsel for the defense, was arguing said cause before the jury, he proceeded to speak of the attempted escape and flight of the witnesses Pratt, Fort and Neal, in company with Pratt, from the scene of the alleged assault at the house of said Pratt, soon after the killing of said Johnson, whereupon the court interrupted the said Harris, and in the presence and hearing of the jury, stated that, 'There is no evidence in the record to show that Pratt, Fort and Neal had attempted to escape,' or words to that effect; to which remark of the court, defendant by his counsel, then and there excepted, as being contrary to the testimony of the defendant Joseph Taylor, and other witnesses for defendant in the case, and prejudicial to the defendant."

It nowhere appears in the record that counsel for appellant requested the court to withdraw this remark from the jury. All that counsel did was to except to it.

We have carefully examined all of the evidence in this case, and the substance of that introduced by the appellant, placing the most favorable possible construction upon it in his favor, is that at the time he rode in front of Pratt, Fort and Neal, they were three hundred yards from the fence around Pratt's house, and that substantially as soon as appellant spoke to them and requested them to do so, they turned and rode back to the Pratt house. Appellant swears that they were all

heavily armed, and testifies that at the time he rode in front of them they were "travelling" northwest, while Carlsbad, the county-seat, was east. It does not appear that the road they were on did not finally lead to Carlsbad, nor does it appear that they were going rapidly, as the appellant testified that he "loped in ahead of them." From a very careful examination of the entire evidence, we can not see that there was any proof before the jury of an attempt to escape. Surely if he had had any such intention, Pratt could easily have carried out his design, after appellant had fled from the field, and all of the evidence shows that appellant did so fly.

If the court had allowed counsel to continue his remarks without interruption, it would have been no error, for counsel "should enjoy the greatest latitude consistent with decorum and a reasonable ambition to win success by honorable means" (Chacon v. Territory, 7 N. M. 247), but the court also has the right to compel counsel in addressing juries, to keep strictly to the facts. Territory v. Cordova, 68 Pac. 919.

This point has been quite fully discussed by us in the case of Territory v. Cordova, supra, and as we find nothing in the evidence of any flight or attempted flight by Pratt, Fort and Neal, there is no such error in the remark of the learned judge complained of by counsel for appellant, as will warrant a reversal of this case. Surely if the court thinks that counsel in addressing the jury misstates the evidence, by mistake or otherwise, he has the right to call their attention to that fact, if he does it in a proper manner, and point out where he thinks the error lies, without having the solemn verdict of a jury set aside and a new trial granted. If a judge makes a mistake in the statement of evidence to counsel, and to err is human, then it is the duty of counsel to call the attention of the court to the fact, point out the evidence which shows that the judge is wrong, and request him to instruct the jury that the remark must not be considered by them in arriving at their verdict, and then,

if the court refuses to take it from the jury to reserve an exception. This is the only proper practice to follow, as it gives the court an opportunity to correct itself if it sees fit to do so.

In the case at bar, the court was not asked to take the remark complained of from the consideration of the jury, and as we have before remarked, we find nothing in the evidence of any flight or attempted flight by Pratt, Fort and Neal, this alleged error is overruled.

The next assignment for us to consider is that the court committed reversible error in failing to give the twelve instructions asked for by the defendant.

The record discloses that instructions 1, 2, 3, 4, 6, 7, and 8 asked for by the defendant were refused by the court, while instructions numbered 5, 9, 10, 11 and 12 are marked "refused except as charged." The gist of most of the instructions which are asked for and refused by the court, are briefly to the effect that any sheriff or legally constituted deputy, may call on any citizen to assist in the performance of his duty, such as making an arrest which is resisted, and that when so summoned, it is their duty to continue the execution of the process, and they may call on others to assist them if necessary; and that officers of the law and their assistants so summoned are entitled to the protection of the law in making any assault necessary to effect an arrest or prevent an escape.

The other five instructions which are marked "refused except as charged," substantially set out that if the defendant believed and had reason to believe that a felony had been recently committed, that he had the right to arrest or prevent the escape of the party or parties whom he thought had committed the felony, and that if in order to carry out such design he committed an assault that he was justified in so doing, and should have been acquitted by the jury.

Several of the requested instructions do not in our opinion correctly state the law; some of them are merely

cumulative, and while others correctly state the law, it is for us to determine whether or not those which do so correctly state the law are covered by the instructions which were given by the court, for it is well settled that the trial court need give no instructions asked for by either party, even if correct in point of law, if those given by the court cover the case, and submit it properly to the jury. Beal v. Territory, 1 N. M. 518; Territory v. Romero, 2 N. M. 474; Territory v. Anderson, 4 N. M. 222.

At least one of the instructions asked for, is a request that the court charge the jury on an abstract proposition of law based on a statute of this Territory. The instruction referred to is numbered one, and is in substance that under the statutes of this Territory (sec. 1409, Compiled Laws of 1897), a sheriff or his legally constituted deputy, may call on any citizen or citizens to assist him in the execution of his office, and that any person who shall refuse such assistance without a sufficient excuse, shall be subject to penalty.

This is undoubtedly the law in this Territory, but in this case we can see no reason why the court should have charged this abstract proposition of law, as the right of the sheriff or of his deputy to summon assistance, or the right of the appellant to be near the Pratt house at the time the alleged assault was committed, is not called in question.

It is unnecessary for the purpose of deciding this case to consider each of the instructions asked for separately, as the substance of those which call for correct propositions of law has already been set out. The instructions requested and which were absolutely refused by the court, do not seem to have been proper, and they should not have been given, for as above stated, number one calls only for the statement of an abstract proposition of law, and the question as to whether or not a sheriff or his legally constituted deputy may call on any cit-

izen to assist him in the performance of his duty is not involved in the determination of this case.

What then we have to determine is, whether the instructions given by the court in this case correctly state the law, and whether they cover the points requested by the appellant in instructions Nos. 5, 9, 10, 11 and 12, and which are marked "refused except as charged?" If they are covered by the instructions given by the court, then the court was right in refusing to give them again, but if they are not so covered then the omission to charge them is reversible error. Beall v. Territory, 1 N. M. 518; Territory v. Romero, 2 N. M. 474; Territory v. Anderson, 4 N. M. 222.

The instruction given by the court, and on which the Territory relies as covering the law in this case on this point, is that numbered 8. This instruction seems to us to fairly cover the law in this case. It states that the appellant had the right to go to the Pratt house for the purpose of making an arrest, and that if while in the vicinity and without justifiable cause or provocation, the inmates of that house began to shoot at him, and that he had reasonable grounds to apprehend a design on the part of the inmates of the house to do him great personal injury and that there was imminent danger of said design being accomplished, that then the assault on the part of appellant was justifiable, and the jury should find him not guilty.

This instruction sets out what we understand to be the law. Even a sheriff or his legally appointed deputy has no right to make an unjustifiable assault, and one which is not warranted, upon any one whom he proposes to arrest. He must use no more force than the nature of the case warrants, and if he exceeds such limits then he may be liable for damages in a civil suit. It is true that a large discretion is vested in an officer as to the force necessary to be used in making an arrest; it is "for the jury to decide what those circumstances were, and whether the posse acted as reasonable men

would have acted in like situation." The question is one of mixed law and fact. Territory v. McGinnis, 10 N. M. 264.

In the case at bar the testimony as to what took place before the shooting is conflicting, and it was for the jury to decide after hearing all of the evidence introduced in the case, as to where the truth of the matter lay. This they did, and as shown by their verdict they believed that the state of facts existed as sworn to by the witnesses for the Territory, and not such a state of facts as was sworn to by the witnesses for appellant. In other words the jury evidently believed that the appellant assaulted Neal without any just cause for so doing, and consequently returned a verdict of guilty.

The learned counsel for appellant excepted to the giving of instruction eight, but we think that the objections which they raise to it are more ingenious than convincing. The jury in our opinion were not misled by it, as the other instructions in the case clearly show on whom the burden of proof lies, and it is well settled that all of the instructions in any case must be considered together to determine if they fairly state the law. Territory v. Wilburn, 10 N. M. 406. We can see no reversible error in the instructions given by the court nor in the failure to instruct as requested by counsel for appellant.

Another error which is alleged by the appellant to have been committed, is that the court erred in remarking from the bench while the witness Pratt was testifying, "Certainly, it is immaterial. Unless this man had a warrant he had no right to interfere after the tragedy had occurred,"—meaning that unless appellant had a warrant for the arrest of Pratt, he had no right to arrest him or prevent his escape. This remark made by the court was doubtless uttered inadvertently, as it does not correctly state the law as it prevails in this Territory.

It is a rule of law that if any person commits a misdemeanor that he can only be arrested, unless actually

caught in the act, by a person holding a warrant for his arrest, but that one who has committed a felony is liable to arrest without warrant by any person whether a sworn officer or not. Territory v. McGinnis, 10 N. M. 269. The learned judge in the opinion filed by him in overruling the motion for a new trial, dismisses this alleged error by saying that it has no foundation in fact, but it appears in the transcript on page 28. It appears from the record that the learned counsel for the appellant did not object and except to the remark made by the court. If he had done so the court doubtless would have withdrawn it, as he has correctly though briefly stated the true legal proposition to all intents and purposes in instruction 8, given by him. No objection having been made or exception saved to the remark made, according to the well-established rule in this Territory we will not consider it. This has been passed upon so often that in its support we will only cite the last case decided by us on this proposition where many of the authorities are collated. Territory v. Gonzales, 68 Pac. 923.

The last assignment, which it is necessary for us to consider, is that the court erred in giving instruction 21, which reads as follows: to-wit: "The defendant is a competent witness in his own behalf, and when he testified as a witness in this case he became as any other witness, and his credibility is to be tested by and is subject to the same tests as are legally applied to any other witness, and in determining the degree of credibility that should be accorded to the testimony of the defendant the jury have a right to take into consideration the fact that he is interested in the result of the prosecution, as well as his demeanor and conduct on the witness stand."

The objection to this instruction is not well founded. Except in the two States of Kentucky and Mississippi, it is established that the trial court, may in civil and criminal cases, instruct the jury that they are author-

ized to take into consideration the interest of the party, or the relationship of the witness testifying to the party in interest in determining his credibility.    11 Ency. P. and P. 315.    One instruction somewhat similar to this, although stronger, has been directly passed upon and approved by this court in the case of Faulkner v. Territory, 6 N. M. 464.    We can see no objection to this instruction.

From a careful examination of the record in this case we cannot see that any wrong was done the appellant on the trial.    The whole record discloses that all of the facts were brought out and that the case was carefully tried by both parties to it.    The only possible doubt in our minds is as to whether or not instruction 8 given by the court fairly covers the law of this case, and while it might have been somewhat fuller we have come to the conclusion that it covers all that was necessary for the proper determination of this case by the jury.

There is no reversible error in the judgment complained of, and the same is therefore affirmed.

Baker, Parker and McFie, JJ., concur.

McMillan, A. J., having tried this case below did not participate in this opinion.