453 P.2d 209

STATE of New Mexico, Plaintiff-Appellee,

v.

Roger RANNE, Defendant-Appellant.

No. 234.

Court of Appeals of New Mexico.

March 21, 1969.

C. Fincher Neal, Tom W. Neal, C. M. Neal, Neal & Neal, Hobbs, for defendant-appellant.

James A. Maloney, Atty. Gen., Spencer T. King, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals from a conviction of robbery, aggravated battery and aggravated burglary. The lower court was of the opinion that aggravated battery merged with aggravated burglary and defendant was sentenced on robbery and aggravated burglary, the sentences running consecutively.

Defendant now contends he was deprived of a fair trial by reason of inadequate legal representation. He bases this claim on the following: 1) the motion for a change of venue was not properly presented; 2) the motion for a continuance was not properly filed; 3) no objection was made to certain hearsay testimony; 4) the cumulative effect of the foregoing deprived defendant of the essentials of a fair trial.

The burden of sustaining a charge of inadequate representation rests upon defendant. State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967). Bad tactics and improvident strategy do not necessarily amount to ineffective assistance of counsel. Defendant is denied effective assistance of counsel only where the trial considered as a whole was a mockery of justice, a sham or farce. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Moser, supra.

The trial court ruled that the motion for a change of venue, although not in the strict statutory form, was properly presented and after hearing, denied the motion. Defendant was not prejudiced.

Section 21-8-10, N.M.S.A.1953, sets forth the basis for a motion for continuance based on absence of evidence. Granting or denying such motion rests in the discretion of the trial court and will not be interfered with except for abuse. State v. Gallegos, 46 N.M. 387, 129 P.2d 634 (1942); State v. Nieto, 78 N.M. 155, 429 P.2d 353 (1967).

The motion for continuance, although not in the statutory form, was presented in open court. It alleged defendant was unable to locate two "vital and necessary witnesses." They were, "to the best of defendant's knowledge in Houston, Texas." Defendant told his attorney these witnesses could provide an alibi. Defendant's attorney wrote to the only address obtainable from a relative of one of the claimed absent witnesses and no response was received. Subpoenas were issued and the sheriff testified he was unable to serve them. There is no showing that defendant's trial court attorney did not diligently pursue the whereabouts of the two absent witnesses and defendant does not show grounds of reasonable belief that their attendance could ever be assured. We find no abuse of discretion by the trial court in denying the motion for continuance.

We do not agree with defendant that failure of his attorney to object to certain testimony, alleged to be hearsay, resulted in prejudice, or deprived defendant of a fair trial. A review of this testimony, as pointed out by defendant, reveals that it was not prejudicial. Compare Tanner v. United States, 401 F.2d 281 (8th Cir. 1968); State v. Gutierrez, 79 N.M. 732, 449 P.2d 334 (Ct.App.1968). Error to warrant a reversal must be prejudicial. State v. Holland, 78 N.M. 324, 431 P.2d 57 (1967); State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966).

Defendant relies on State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965). The facts do not compare. There trial counsel was totally inexperienced in the criminal practice and so pled this lack of knowledge and experience on appeal. The Supreme Court specifically disavowed any intention to base its holding on counsel's errors of judgment in the trial.

The cumulative effect of defendant's claims do not support his claim of prejudice because of ineffective assistance of counsel. See State v. Gutierrez, supra.

Defendant next contends that only one sentence should be imposed on a defendant convicted of robbery and of aggravated burglary arising out of the same

transaction and as a part of a continuous act.

Article II, Section 15 of the New Mexico Constitution provides that no person shall be twice placed in jeopardy for the same offense. This equally applies to double punishment for the same crime. State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); State v. Quintana, 69 N.M. 51, 364 P.2d 120 (1961).

Whether defendant can be sentenced for both crimes depends upon whether one crime merged with the other. The test of merger is whether one crime necessarily involves the other. State v. Everitt, 80 N.M. 41, 450 P.2d 927, decided February 7, 1969; State v. McAfee, supra; State v. Martinez, 77 N.M. 745, 427 P.2d 260 (1967).

The applicable portions of the two statutes read:

Section 40A–16–2, N.M.S.A. (1953) (Repl.1964):

"Robbery consists of the theft of anything of value from the person of another * * * by use or threatened use of force or violence."

Section 40A–16–4, N.M.S.A. (1953) (Repl.1964):

"Aggravated burglary consists of the unauthorized entry of any * * * dwelling * * * with intent to commit any felony or theft therein and the person * * * commits a battery upon any person while in such place * * *."

Theft is a necessary element of robbery but it is not necessarily involved in aggravated burglary. Aggravated burglary requires only the element of intent to commit any felony or theft. One can commit a robbery without making an unauthorized entry, which is an element of aggravated burglary. The elements of the two crimes are not the same. The facts which proved the aggravated burglary were not the facts which proved the robbery. The crimes did not involve the same elements. See State v. Eckles, 79 N.M. 138, 441 P.2d

36 (1968). Defendant could be sentenced for each of these crimes.

The judgment is affirmed.

It is so ordered.

SPIESS, C. J., and OMAN, J., concur.