491 P.2d 1160

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Blas CHAVEZ, Defendant-Appellant.**

**No. 682.**

Court of Appeals of New Mexico.

Dec. 3, 1971.

Carlos Sedillo, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Frank N. Chavez, James B. Mulcock, Jr., Asst. Attys. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of armed robbery defendant apeals. He asserts three points for reversal: (1) failure to issue attachment after a subpoenaed witness had failed to appear and the failure of the trial court to continue the case; (2) juror engaged in conversation with a defense witness prior to conclusion of the trial; and, (3) the jury verdict was against the weight of the evidence. We affirm.

Defendant was charged with the armed robbery of a store. Five witnesses allegedly saw defendant. Three of those witnesses testified at trial and identified defendant as the armed robber. The other two witnesses had been subpoenaed but did not appear. According to defendant one of the witnesses would state that he did not recognize defendant as the armed robber.

The trial, not concluding by Friday afternoon, was adjourned to the following Monday. At the time of adjournment defendant stated to the court that if he called any additional witnesses at all it would be one of the two who had witnessed the crime. When court reconvened on Monday, de-

fendant stated that he was unable to locate the witness. Defendant's counsel stated he did not get a bench warrant for him but attempted to contact him himself.

 Defendant asserts that the trial court should have asked defendant's trial counsel if he wanted a continuance to enable him to locate the witness or in the alternative the trial court should have asked trial counsel if he wished the court to issue a bench warrant for the arrest of the witness.

These assertions are controlled by State v. Milton, 80 N.M. 727, 460 P.2d 257 (Ct. App.1969) which states in essence that since the defendant did not request a postponement nor an attachment pursuant to § 20–1–3, N.M.S.A.1953 (Repl.Vol.1970) his argument was without merit.

Defendant next asserts that the trial court erred in not permitting him to question a juror about the juror's misconduct. Defendant's contention relates to a conversation between a defense witness and the juror prior to the conclusion of the trial. The defense witness stated that a juror had told him he did not think defendant guilty. Defendant claims that this change in decision (the jury was polled and all affirmed the guilty verdict) must have been caused by outside influence or by pressure exerted by fellow jurors. The trial court refused defendant's request to question the juror. We agree.

Nothing in the record indicates, nor is it claimed, that there was any unauthorized communication with a juror giving rise to a presumption of prejudice. State v. Gutierrez, 78 N.M. 529, 433 P.2d 508 (Ct. App.1967). Here, all that is shown is that a juror made a comment about defendant's innocence before the case was submitted for decision and that this juror, upon submission, voted to convict. All that is claimed is that the juror should be questioned about his verdict and how that juror reached his verdict. This issue is controlled by State v. Embrey, 62 N.M. 107, 305 P.2d 723 (1956) where the court stated ". . . that jurors may not impeach their verdicts

by testimony later given for that purpose." Because a juror talked to someone outside the trial, although censurable, it does not ". . . require or warrant a reversal of the judgment 'as no harm to the appellant [defendant] was either shown or presumable.'" Territory v. Clark, 15 N.M. 35, 99 P. 697 (1909).

Defendant also asserts that the jury verdict is against the weight of the evidence. We have reviewed the record and although defendant had an alibi supported by several witnesses, three witnesses testified for the State that defendant was the robber who they observed for ten or fifteen minutes unmasked in the store. We cannot say as a matter of law that there was not substantial evidence to support the jury's verdict.

Affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.