OWEN, Judge.
On this direct appeal from conviction for robbery, appellant urges as his sole point for reversal that the trial court erred in permitting two state’s witnesses to testify after it was shown that they had violated the court’s order for sequestration of witnesses.
When it comes to the court’s attention that a witness has violated the sequestration rule, the determination of whether that witness will thereafter be permitted to testify is within the sound judicial discretion of the trial court. Rowe v. State, 1935, 120 Fla. 649, 163 So. 22. The record discloses that before the court permitted these witnesses to testify, they were first examined upon voir dire, following which the court made a determination that the violation was unintentional and did not substantially affect the ability of the identifying witness to make an in-court identification of the defendant. We conclude from an examination of the briefs and record that appellant has not shown that the court abused its discretion in the instant case.
The judgment is affirmed.
CROSS and MAGER, JJ., concur.