493 P.2d 965

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Terence Glen WESSON, Defendant-Appellant.**

**No. 764.**

Court of Appeals of New Mexico.

Jan. 21, 1972.

H. Gregg Privette, Las Cruces, for appellant.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe., for appellee.

## OPINION

COWAN, Judge.

Defendant appeals from judgment and sentence following his conviction on two counts of unlawful sale of marijuana contrary to § 54–5–14, N.M.S.A.1953 (Repl. Vol. 8, pt. 2). We affirm.

Defendant first complains that the court erred in permitting the state to amend the information. The defendant was first charged under § 54–7–14, N.M.S. A.1953 (Repl.Vol. 8, pt. 2). The trial under this charge ended in a mistrial. Just prior to the second trial, the state amended the information to charge the defendant under § 54–5–14, supra, to comply with the decision of this court in State v. Riley, 82 N.M. 235, 478 P.2d 563 (Ct.App.1970), holding that the general narcotic drug statute, § 54–7–14, supra, was improper when a more specific statute was available (§ 54–5–14, supra). *Riley* was decided after the first trial but before the retrial. The information charged defendant with unlawful sale of marijuana. Thus, the allegations in the information, prior to amendment, were sufficient under § 41–6–7, N. M.S.A.1953 (Repl.Vol. 6). The statutory misreference did not make the information fatally defective. State v. Covens, 83 N. M. 175, 489 P.2d 888 (Ct.App.1971). The amendment, to correct the statutory misreference, was proper under § 41–6–37, N. M.S.A.1953 (Repl.Vol. 6).

**482**

■ The defendant claims double jeopardy. The record is silent as to why the first case ended in a mistrial. The record being silent, we cannot say there was no compelling reason for the trial court granting a mistrial. Therefore, we cannot say the trial court erred in denying the claim of double jeopardy. State v. Brooks, 59 N.M. 130, 279 P.2d 1048 (1955).

■ Defendant also urges under this point that a minimal time for the motion to amend was not given him and that he was not granted a preliminary hearing under the amended information. The court granted the defendant 24 hours in which to plead to the amended information, as required by § 41–6–46, N.M.S.A.1953 (Repl.Vol. 6). Further, the lack of advance notice concerning the motion to amend is not a meritorious claim since the amendment can be made at any time and, absent a showing of prejudice, is not grounds for reversal. Section 41–6–37, supra. No prejudice is shown.

■ Having been afforded a preliminary hearing on the original information, the defendant was not entitled to another. State v. Vasquez, 80 N.M. 586, 458 P.2d 838 (Ct.App.1969).

■ Defendant next argues that the court erred in refusing to instruct the jury on the defendant's presumption of innocence, before the introduction of evidence. Rule 21–1–1(51) (2) (e), N.M.S.A.1953 (Repl.Vol. 4), provides that " * * * the judge in all cases shall charge the jury before the argument of counsel." We do not construe this provision to mean that instructions must be given in a criminal case before the introduction of evidence or at any time prior to completion of the evidence. We note that an instruction on the presumption of innocence was given, with other instructions, after the close of the evidence. Since the presumption of innocence was adequately covered in the instruction given, State v. Zarafonetis, 81 N.M. 674, 472 P.2d 388 (Ct.App.1970), and since there is no requirement upon the trial court to instruct the jury in criminal cases prior to the introduction of evidence, the trial court did not err in refusing the request. Compare Dodson v. United States, 23 F.2d 401 (4th Cir. 1928).

■ One of the state's witnesses (Kirkwood) was an informer, under conviction for the sale of marijuana, who had formerly worked with the university police in Silver City on marijuana cases. Over defendant's objection, the witness was permitted to reveal this former employment. Defendant asserts that the evidence "tended only to lend credibility to the State's witness and in that respect it militated against the interest of the defendant." The state asserts that this information was necessary for the jury to understand the witness' testimony. Where the materiality of the evidence is doubtful, the admission of such evidence is within the discretion of the trial court and its ruling will not be reversed unless there is an abuse of discretion. State v. Walden, 41 N.M. 418, 70 P. 2d 149 (1937); Control Data Corp. v. Int'l Business Mach. Corp., 421 F.2d 323 (8th Cir. 1970); Beaty Shopping Center, Inc. v. Monarch Ins. Co. of Ohio, 315 F.2d 467 (4th Cir. 1963). There was no abuse of discretion here.

■ Defendant also complains that the court should not have permitted Kirkwood to testify concerning a telephone conversation he had with the defendant. Defendant's objection at trial was that the testimony was hearsay because of Kirkwood's lack of positive identification of the defendant. This objection is without merit. Kirkwood testified unequivocally that he recognized the defendant's voice over the telephone. The testimony was properly admitted. See Lindsey v. Cranfill, 61 N.M. 228, 297 P.2d 1055 (1956).

■ The state, in its final argument, in referring to witness Kirkwood, stated "And Craig Kirkwood, I am grateful we have people like him . . .". Defendant objected and moved for a mistrial on the ground that the district attorney was vouching for the credibility of the witness. The court overruled the motion, announc-

ing that he did so because of defendant's argument. The record is silent as to what this argument was, but it is apparent that the trial court was of the opinion that the defendant opened the door for the district attorney's comment. Even if the comment was improper, which we do not determine, it was invited and the court's ruling was not error. State v. Paris, 76 N.M. 291, 414 P.2d 512 (1966).

Defendant raised the issue of substantial evidence by motion for a directed verdict at the close of the state's case. Prior to May 17, 1970, in Las Cruces, New Mexico, Kirkwood had discussed with defendant the possibility of purchasing some marijuana. On that day Kirkwood met with the defendant and paid him $60.00 for six ounces of marijuana. The defendant then gave Kirkwood detailed instructions as to the location of the drug behind a metal shack near the road leading to the airport west of Las Cruces. Kirkwood, accompanied by a New Mexico state policeman, went to the location described by the defendant and found six ounces of sacked marijuana, under a bush. On May 23, 1970, Kirkwood again talked with the defendant and paid him $15.00 for one ounce of marijuana. Told by defendant that it "was at the identical spot as the last sale", Kirkwood, again accompanied by the state policeman, went to the location and found an ounce of marijuana.

The defendant urges that this evidence is insufficient to show "possession" of the marijuana and that there could be no sale without possession. Cases cited by defendant are not in point. They refer to unlawful "possession" of a narcotic and not to the sale thereof. There was ample evidence that the defendant had constructive possession of and sold the marijuana to Kirkwood. State v. Giddings, 67 N.M. 87, 352 P.2d 1003 (1960).

Under his next point, defendant raises two issues. First, he asserts that he was erroneously denied the right to question Kirkwood concerning the amount of narcotic the latter had at the time of his arrest and for the possession of which he was convicted. Kirkwood had admitted to a conviction for the possession of marijuana. The court sustained the state's objection when the defendant attempted to explore into the facts of the case. There was no showing that the pursuit of this line of questioning would have shed any additional light on Kirkwood's possible bias, even if such questioning was permissible. However, see State v. Williams, 76 N.M. 578, 417 P.2d 62 (1966). The limits of cross-examination are within the discretion of the trial court and will be disturbed on appeal only if that discretion is abused. State v. Vargas, 42 N.M. 1, 74 P.2d 62 (1937).

Defendant also complained of the court's striking the testimony of Sam Ortiz, Kirkwood's probation officer, who had testified only that he had compiled a pre-sentence report on Kirkwood. Defendant asked Ortiz no questions concerning the contents of this report and even advised the court that the contents of the report were immaterial. Defendant's theory was that Kirkwood "was building himself a satisfactory pre-sentence report and that this pre-sentence report was dependent upon Kirkwood's success as an informer." Since Kirkwood had earlier testified, in effect, that he hoped to obtain some leniency by cooperating with the police, we cannot see how the defendant was prejudiced. Error, to be reversible, must be prejudicial. State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

Finally, defendant argues error because the court gave a specific instruction to the jury concerning the defendant's testifying on his own behalf. Instructions, couched in almost identical language, were approved by the Supreme Court in Territory v. Taylor, 11 N.M. 588, 71 P. 489 (1903), and State v. Moss, 24 N.M. 59, 172 P. 199 (1918).

The judgment and sentence are affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.