495 P.2d 1089

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Fread L. WARNER and L. C. Warner, Defendants-Appellants.**

.No. 777.

Court of Appeals of New Mexico.
March 10, 1972.
Certiorari Denied April 12, 1972.

Eugene E. Brockman, Tucumcari, for appellants.

David L. Norvell, Atty. Gen., Winston Roberts-Hohl, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

COWAN, Judge.

Defendants were charged with larceny of property belonging to the Town House Motel and the Amco T. V. Rental Company, contrary to § 40A–16–1, N.M.S.A.1953 [Repl. Vol. 6, 1971 Supp.]

They appeal their convictions and sentences following a trial to the court.

We affirm.

At approximately 2:30 on the morning of April 7, 1971, the defendants, with two other persons, checked into two rooms in the Town House Motel in Tucumcari. They were driving a 1962 blue and white Chrysler automobile, New Mexico license 3–8711. The manager became suspicious after talking with the manager of a nearby motel and called the police, who patrolled the area until shortly after 4:00 A.M. when they noted the car was gone. The manager went to the rooms and discovered that two portable television sets and other items were missing from the rooms. Arrest warrants were issued for the defendants. Officer Perea, of the Santa Rosa Police Department, having received a radio message, stopped the defendants on the west city limits of Santa Rosa and booked them in the Santa Rosa jail. Within half an hour of the defendants' arrival at the jail, Officer Perea and the Santa Rosa desk sergeant looked in the car and found a television set on the back seat, covered by a blanket.

The defendants were then returned to Tucumcari where a warrant to search the car was issued. One Gene Warner, a brother of the defendants, and owner of the car, was present and gave his consent to its search. In addition to the television set in the car, the police found another in the trunk along with miscellaneous items of bedding and equipment belonging to the motel.

■ Defendants first urge error in the court's permitting testimony from a witness, brother of the defendants, who had been in the courtroom during the trial although the witness sequestration rule had been invoked.

Defendants admit that no new testimony was elicited from this witness and they neither claim nor argue prejudice. We find nothing in the record to indicate an abuse of discretion on the part of the trial court in permitting testimony of the witness. State v. Carrillo, 82 N.M. 257, 479 P.2d 537 (Ct.App.1970), or prejudice to the defendants. State v. Ranne, 80 N.M. 188, 453 P.2d 209 (Ct.App.1969).

■ Defendants next argue that the court erred in "convicting the defendants with evidence that was the fruit of an illegal search." The arrest of the defendants in Santa Rosa was occasioned by warrants issued in Tucumcari and broadcast by radio to Santa Rosa. There was probable cause for the arrest in Santa Rosa and detention of the vehicle. The Santa Rosa officers looked in the car approximately one-half hour after the defendants were taken into custody and the presence of one of the television sets was noted. The set was not seized at that time. The search was reasonably incident to the arrest. State v. Courtright (Ct.App.), 83 N.M. 474, 493 P.2d 959, decided January 21, 1972. After the defendants and the car were returned to Tucumcari a search warrant was issued and, in addition, the owner of the vehicle consented to a search. This search was independent of any which might have been made in Santa Rosa and was based upon information obtained from the motel manager and the affidavit of a member of the Tucumcari Police Department familiar with the circumstances. The search was lawful. This point is without

**644**

merit. State v. Torres, 81 N.M. 521, 469 P.2d 166 (Ct.App.1970).

■ Finally, the defendants urge that the admission of the television sets in evidence was error since they were not properly described in the search warrant. The search warrant issued in Tucumcari was directed to two General Electric portable television sets. The set in the trunk was a General Electric but the one inside the car was a Packard Bell.

. The warrant described the place to be searched as "1962 CHRYSLER BEARING LIC. #3-8711 N.M." and described the property as "TWO G. E. PORTABLE TV'S BLACK & WHITE, CH SELECTOR KNOB HAS INSCRIPTION OF MRPH. COLOR OFF WHITE. RENTAL NUMBER IN YELLOW ON BACK OF SETS LEFT REAR. 1 SHOWER CURTAIN. 1 PINK BED SPREAD TOWELS AND PILLOW."

Article II, Section 10 of the New Mexico Constitution states:

"The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures, and no warrant to search any place, or seize any person or thing, shall issue without describing the place to be searched, or the persons or things to be seized, nor without a written showing of probable cause, supported by oath or affirmation."

Not only did the owner of the vehicle give an unrestricted consent to its search, it is established law in New Mexico that if officers, conducting a lawful search for property illegally possessed (the General Electric television set), discover other property illegally possessed, the latter may be seized also. State v. Carlton, 82 N.M. 537, 484 P.2d 757 (Ct.App.1971). The television sets were admissible in evidence.

The convictions and sentences are affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.