506 P.2d 1222

STATE of New Mexico, Plaintiff-Appellee,

v.

Tommy BARBOA, a/k/a "Brains",
Defendant-Appellant.

No. 1043.

Court of Appeals of New Mexico.

Feb. 9, 1973.

John M. Wells, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., Ronald Van Amberg, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of second degree murder. Section 40A–2–1, N.M.S.A. 1953 (2nd Repl.Vol. 6). He appeals.

We affirm.

Defendant contends (1) the indictment should have been quashed; (2) state's closing argument was prejudicial; (3) permit-

ting violation of exclusion rule was reversible error.

### (1) Failure to Quash Indictment was Not Error.

■ Defendant claims the indictment should have been quashed because it fails to state, with specificity and particularity, facts which if taken as true, would constitute a crime.

The indictment charged the offense of murder by using the name given to the offense by statute, and the indictment referred to the section of the statute creating the offense. This was valid and sufficient under § 41-6-7, N.M.S.A.1953 (2nd Repl. Vol. 6). State v. Turner, 81 N.M. 450, 468 P.2d 421 (Ct.App.1970). Section 41-6-7, supra, a court rule, was repealed by Supreme Court Order effective July 1, 1972. The indictment was returned and filed March 23, 1972, prior to the repeal of the above section. For present rules see §§ 41-23-5, 41-23-7, 41-23-8, N.M.S.A.1953 (2nd Repl. Vol. 6, Supp. 1972). There was no error for failure to quash the indictment.

### (2) State's Closing Argument was not Prejudicial.

■ We have reviewed the claimed prejudicial remarks of the state during closing argument to the jury. The defendant failed to object at any time, and the claimed error is not subject to review. State v. Polsky, 82 N.M. 393, 482 P.2d 257 (Ct.App.1971), cert. denied 404 U.S. 1015, 92 S.Ct. 688, 30 L.Ed.2d 662 (1972).

### (3) Allowing Witness' Testimony Under Exclusion Rule was not Error.

At the beginning of trial, the rule was invoked which required witnesses to leave the courtroom and remain outside the courtroom until the witness was called to testify. Over objection of defendant, the trial court allowed the state to call the father of the deceased who had been in the courtroom during the trial as a rebuttal witness on the last day of trial. The witness was not listed on the indictment.

Section 41-6-47, N.M.S.A.1953 (2nd Repl. Vol. 6), repealed, supra.

Can a witness, who has violated the exclusion rule, be allowed to testify in rebuttal?

We have held that this is a matter within the discretion of the trial court. State v. Warner, 83 N.M. 642, 495 P.2d 1089 (Ct.App.1972); see State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961); State v. Carrillo, 82 N.M. 257, 479 P.2d 537 (Ct. App.1970); Sweitzer v. Sanchez, 80 N.M. 408, 456 P.2d 882 (Ct.App.1969).

■ Defendant claims there was an abuse of discretion in allowing the testimony. The claimed abuse is predicated on the fact that the exclusionary rule had been invoked and the testimony of the witness was prejudicial to defendant. We disagree.

The witness testified that deceased had never owned a gun and that he had never seen a gun in deceased's possession. Similar testimony had been given by four other witnesses. Since the testimony was not new testimony in the case, the testimony given did not prejudice the defendant. There is nothing showing the cumulative effect of this testimony was prejudicial. Thus, there is no basis for the claim of prejudice.

The fact that the testimony was allowed after the exclusionary rule had been invoked was not error since allowance of the testimony was within the discretion of the trial court.

We find no abuse of discretion in the record here. Though not raised in the court below, we believe the matter of violation of the rule of exclusion to be of sufficient importance to warrant a suggestion.

The ultimate decision whether to permit a witness to testify after having violated the rule remains within the sound discretion of the trial court. However, the trial court should examine the witness out of the presence of the jury prior to any testimony, in order to determine whether the violation was intentional or unintentional. See, for example, Rollins v. State, 256 So.

2d 541 (Fla.App.1972). Whether the violation was deliberate or inadvertent, or whether such violation was condoned by counsel, are factors to be considered by the trial court in deciding whether to admit or exclude the witness' testimony.

Affirmed.

It is so ordered.

HERNANDEZ, J., concurs.

WOOD, C. J., specially concurring.

WOOD, Chief Judge (specially concurring).

I concur in the result. I also concur in the opinion with the exception of the last two paragraphs.

I do not join in the last two paragraphs because they discuss matters which were not raised as an issue in this case and which are not necessary for a decision of the issues presented. Further, there is no factual basis for the discussion. The vice of the last two paragraphs is not only that they are an advisory opinion; in this case, they are an unsolicited advisory opinion. See Bell Telephone Laboratories v. Bureau of Revenue, 78 N.M. 78, 428 P.2d 617 (1966).