508 P.2d 1352

STATE of New Mexico, Plaintiff-Appellee,

v.

Thomas Leo BACA, Defendant-Appellant.

No. 1048.

Court of Appeals of New Mexico.

March 30, 1973.

Louis G. Stewart, Jr., Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant was tried and convicted by a jury for burglary under § 40A–16–3, N.M. S.A.1953 (2nd Repl. Vol. 6). Defendant asserts four points in his appeal: (1) that defendant was entitled to the Grand Jury minutes for impeachment purposes in the cross-examination of Rita Sedillo; (2) that the court erred in refusing to give defendant's Instruction No. 1; (3) that the court erred in granting a continuance and severance of the case; (4) that the court failed to instruct the jury as to criminal intent.

We affirm.

(1) *The court properly ruled that defendant was not entitled to the transcript of the minutes of the Grand Jury.*

The State called Rita Sedillo, who was an accomplice to the subject crime, as a witness. On redirect examination she was asked the following questions and gave the following answers:

"Q. Do you remember testifying to the Grand Jury, Rita?

"A. Yes, I do.

"Q. Did you see that statement on that date?

"A. I don't remember.

"Q. Have you seen that statement in the last month prior to today?

"A. No, I haven't."

The defendant then moved for the production of the Grand Jury transcript on the grounds that since it had been referred to it raised the " * * * inference that

her testimony was truthful because without having the Grand Jury transcript to use we cannot impeach her testimony as she gave it to the Grand [J]ury. * * *" Defendant's motion was denied. Defendant cites the following language from State v. Morgan, 67 N.M. 287, 354 P.2d 1002 (1960) in support of his claim of error: "* * * Common fairness would seem to indicate that the defendant should be accorded the opportunity to examine the transcript of the witnesses when the same is *used* in the trial, and to utilize it, if desired, * * *." [Emphasis added]. Defendant overlooks one important difference between the instant case and *Morgan* and that is, that in *Morgan* the district attorney used the Grand Jury transcript as a basis for his questions. Mere reference to the fact that the witness had previously testified before the Grand Jury does not constitute a "use" of the prior testimony. Defendant also argues that it was error to deny his motion because he had shown a "particularized need" citing State v. Tackett, 78 N.M. 450, 432 P.2d 415, 20 A.L.R. 3rd 1 (1967), cert. denied 390 U.S. 1026, 88 S.Ct. 1414, 20 L.Ed.2d 283 (1968) as supporting authority. Our Supreme Court in *Tackett* adopted the Arizona rule laid down in State ex rel. Ronan v. Superior Court in and for County of Maricopa, 95 Ariz. 319, 390 P.2d 109 (1964) which states that:

" 'A particularized need' which in the furtherance of justice would authorize a trial judge to make available to the defendant a transcript of testimony, must be shown by facts and circumstances which demonstrate that unless such relief is forthcoming, the defendant will, in some manner, be prejudiced, or his legal rights adversely affected. Under the law as it exists today, as set forth in this opinion, the defendant is not entitled to a transcript of testimony of any witness solely because he wants to find out what the witness said. To grant him such privilege is not in the 'furtherance of justice' because the public interest in

preservation of secrecy outweighs the defendant's interest in discovery."

The only thing offered by defendant to establish his "particularized need" is that "* * * After the District Attorney alluded to the testimony of the witness before the Grand Jury and inferred that it was true the appellant needed to examine the minutes to rebut the inference of truth-fullness [sic] * * *" and concludes by saying "* * * It is difficult to be any more particular in showing need. * * *" It may be difficult but more is needed to bring him within the rule adopted in *Tackett*. The defendant's position on this point is without merit. State v. Valles, 83 N.M. 541, 494 P.2d 619 (Ct. App.1972).

(2) *The court properly instructed the jury regarding the accomplice witness, Rita Sedillo.*

■ After the completion of the testimony, the defendant submitted his requested Instruction No. 1, which was refused by the court and which read as follows:

"If you believe from the evidence that any person was induced to testify in this case by any promise of immunity from further punishment, or that any hope was held out or entertained by him that he would be rewarded or in any wise benefit if he implicated the defendant in the crime charged herein, you must take such fact into consideration in determining what weight should be given to the testimony, closely scrutinize it and unless you can reconcile it with the truth, completely reject it."

The court gave its own Instruction No. 7, which read as follows:

"INSTRUCTION NO. 7. There has been testimony in this case by an alleged accomplice of the accused. You as members of the jury must view the testimony of the accomplice with suspicion and receive it with caution. The testimony of an accomplice must be weighed with great care. However, you are instructed that an accused may be convict-ed upon the testimony of an accomplice, even though it is uncorroborated."

The defendant complains that the court erred in refusing his request in Instruction No. 1 and in giving the jury Instruction No. 7. Instruction No. 7 followed precisely the rule set forth in State v. Turnbow, 67 N.M. 241, 354 P.2d 533 (1960): "In this state an accused may be convicted upon the testimony of an accomplice, even though it is uncorroborated, although it is proper for the court to admonish the jury to view it with suspicion and receive it with caution. . . ." As was stated in State v. White, 77 N.M. 488, 424 P.2d 402 (1967): ". . . The court's instructions fully covered the law of the case and the requested instructions tended to unduly emphasize the defendant's theory of the case." Such is the case here; no error was committed.

(3) *The court did not err in granting a continuance of the case or in severing the defendant.*

■ The defendant was charged with another co-defendant, on the same indictment and information. The case was set for trial on April 19, 1972. The State moved for a continuance on the basis that the State's primary witness was sick and was unable to attend the trial. The court granted the continuance until May 1, 1972. The defendant objected on three grounds: (1) that the motion did not comply with the statutory requirements; (2) that the defendant at that time had already been incarcerated about three months and that to grant the motion would deny him a speedy trial; (3) that the State had not made a showing of due diligence in trying to compel the attendance of the absent witness. Section 21–8–10, N.M.S.A.1953 (Repl. Vol. 4) provides:

"* * *

"Motions for continuance on account of the absence of evidence must be founded on the affidavit of the party, his agent or attorney, and must state:

"First. The name and residence of such witness, or if that be not known, a

sufficient reason why not known; and also, in either case, facts showing reasonable grounds of belief that his attendance or testimony will be procured at the next term.

"Second. Efforts, constituting due diligence, which have been used to obtain such witness or his testimony.

"Third. What particular facts, as distinguished from legal conclusions, the affiant believes the witness will prove, and that the affiant believes them to be true, and that he knows of no other witness by whom such facts can be fully proved."

■ The rule in this State is that even if the statutory requirements were not complied with, the matter of the continuance of a cause rests within the sole discretion of the trial court and its action will not be questioned unless it appears that there has been an abuse of discretion. Houston Fire and Casualty Insurance Co. v. Falls, 67 N.M. 189, 354 P.2d 127 (1960); State v. Sibold, 83 N.M. 678, 496 P.2d 738 (Ct.App.1972). There is nothing in the record to indicate the trial court abused its discretion. We also hold that the defendant was not denied a speedy trial by the extension of the trial from April 19 to May 1, 1972. State v. Borunda, 83 N.M. 563, 494 P.2d 976 (Ct.App.1972).

■ The defendant and one Eddie Ruben Garcia were jointly indicted by the Grand Jury for the offense that defendant was tried. Prior to May 1, 1972, the court upon oral motion of the State granted a severance. The defendant claims that he was prejudiced by the severance because he had prepared his case with the thought in mind that the co-defendant, Eddie Ruben Garcia, would be tried at the same time and that severance caused "surprise to the defendant." He cites State v. Maes, 81 N.M. 550, 469 P.2d 529 (Ct.App.1970) as his authority.

In the *Maes* case, continuance was denied after counsel for the defendant alleged that they were surprised when an informer started to testify; the appellate court said that not only must a defendant show surprise or prejudice, but he must show that the testimony of the "surprise witness" must not have been anticipated. The *Maes* case is not applicable to this case.

■ Severance and continuance of cases is a matter of procedure which is addressed to the sound discretion of the trial court and must not be disturbed on review unless there is a clear showing of abuse of discretion which results in prejudice to the defendant. De Herrera v. United States, 339 F.2d 587 (10th Cir. 1964); State v. Ochoa, 41 N.M. 589, 72 P.2d 609 (1937); State v. Gunthorpe, 81 N.M. 515, 469 P.2d 160 (Ct.App.1970); State v. Pope, 78 N.M. 282, 430 P.2d 779 (Ct.App.1967). The defendant has failed to show that the trial court abused its discretion in the continuance and severance of the case.

(4) *The court properly instructed the jury on criminal intent and there is no fundamental error.*

■ The defendant claims that the court failed to sufficiently instruct the jury on the element of criminal intent. The defendant did not tender any instruction on criminal intent. The court gave the following instruction:

"INSTRUCTION NO. 1. You are instructed that any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of burglary of a dwelling house."

We hold that this instruction given by the court was sufficient pursuant to the rule announced in State v. Lopez, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969). In State v. Lopez, supra, Judge Hendley speaking for the court said:

"Point K states that the trial court erred in failing to include in the initial instruc-

tion dealing with the elements of the various offenses charged, the element of intent. There is no support for this contention in the record. The offenses were set out in the instructions according to the applicable statutes: § 40A–9–2, § 40A–16–4, § 40A–16–2, N.M.S.A. 1953 (Repl.1964). Instructions which substantially follow the language of the statute are sufficient. See State v. Maestas, 63 N.M. 67, 313 P.2d 337 (1957)."

We hold that the judgment and sentence of the lower court are affirmed.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.