524 P.2d 998

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charlie Joe SEDILLO, a/k/a Baylors, Defendant-Appellant.**

**No. 1331.**

Court of Appeals of New Mexico.

June 12, 1974.

Alfred M. Carvajal, Carl M. Sparks, Carvajal, Cherpelis & Parker, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Defendant was convicted of the unlawful distribution of heroin. Section 54–11–20, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, 1973 Supp.). He appeals. We affirm.

Defendant contends (1) improper extension of time granted under Rule 37, and (2) refusal of defendant's instruction on entrapment, and closing argument on this issue.

(1) *Court of Appeals cannot review orders of the Supreme Court.*

■ Defendant contends that the Supreme Court improperly granted an extension of time under Rule 37(c) of the Rules of Criminal Procedure [§ 41–23–37(c), N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.)]. Neither the legislature nor the Supreme Court has granted the Court of Appeals any power to review Supreme Court orders granting an extension of time. Its orders are final. See, Alexander v. Delgado, 84 N.M. 717, 507 P.2d 778 (1973); Gandara v. Wilson, 85 N.M. 161, 509 P.2d 1356 (Ct.App.1973); Salazar v. State, 82 N.M. 630, 485 P.2d 741 (Ct.App.1971).

(2) *Entrapment was not an issue.*

Defendant contends the trial court erred in refusing defendant's instruction on entrapment and refused defendant the right to argue entrapment to the jury.

■ There is evidence that defendant was a "known drug pusher." On two oc-

casions an undercover agent asked defendant if he had any heroin to sell. On each occasion there was a sale. There is no evidence of undue persuasion or that defendant was enticed to make the sales. State v. Rodriguez, 84 N.M. 60, 499 P.2d 378 (Ct.App.1972). All the evidence shows is that defendant was given the opportunity to commit the crimes. That is not entrapment. State v. Akin, 75 N.M. 308, 404 P. 2d 134 (1965).

Affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.