525 P.2d 389
**STATE of New Mexico, Plaintiff-Appellee,**
v.
**Jeff BREWSTER, Jr., Defendant-Appellant.**
**No. 1365.**

Court of Appeals of New Mexico.
July 17, 1974.

**463**

Ken Cullen, Knott & D'Angelo, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Special Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of armed robbery. Section 40A–16–2, N.M.S.A.1953 (2d Repl.Vol. 6). He appeals. We affirm.

(A) *The State proved jurisdiction of trial court.*

The State proved that the offense was committed in Bernalillo County. The trial court and this court can judicially notice that Bernalillo County is located in the State of New Mexico. State v. Tooke, 81

N.M. 618, 471 P.2d 188 (Ct.App.1970). The trial court had jurisdiction.

(B) *In-court identification was proper.*

During direct examination of the victim of the robbery, defendant objected to the victim pointing to defendant for the court and jury because the in-court identification was tainted by pre-trial identification of defendant from photographs and in a line-up. Without objection, the victim testified that the defendant was in the courtroom. In denying the motion, the court said: "He has already identified the defendant, but I will give you the opportunity to voir dire." After extensive examination of the victim, the defendant moved to strike the in-court identification. The trial court denied the motion with permission to renew the motion at the close of the State's case. This motion was renewed and denied on several grounds, the last of which was that the victim testified that defendant was the same person who was present at the time that the robbery took place. We agree. The trial court did not err in denying defendant's motion to strike the in-court identification. There is nothing indicating anything suggestive in the photographic identification. State v. Armstrong, 85 N.M. 234, 511 P.2d 560 (Ct.App.1973). Defendant does not seek to have the line-up identification stricken. See State v. Sanchez, 85 N.M. 368, 512 P.2d 696 (Ct.App.1973). His claim is that the photographic identification was marginal and the line-up procedure "suggested and enforced" the photographic identification. The answer is that nothing suggests an uncertain photographic identification, and nothing suggests the in-court identification was in any way tainted.

(C) *The trial court did not abuse discretion in denying motion for continuance.*

On the morning of trial, defendant moved for a continuance on the grounds that crucial and primary witnesses necessary to establish a defense of alibi were not available; that defense counsel had been diligent. Defense counsel was diligent. Two of defendant's alibi witnesses

were present and testified on defendant's behalf. A third alibi witness lived in Phoenix, Arizona, and she refused to attend and testify. The whereabouts of the other alibi witnesses were unknown, one of them being a brother of an alibi witness who did testify. Defendant did not show any grounds of reasonable belief that their attendance could ever be assured.

The motion for a continuance was denied. The granting or denial of a motion for a continuance based on absence of evidence rests in the discretion of the trial court. There must not only be an abuse of discretion, but it must also have been to the injury of the defendant. State v. Nieto, 78 N.M. 155, 429 P.2d 353 (1967). We find no abuse of discretion by the trial court in denying the motion for continuance. State v. Ranne, 80 N.M. 188, 453 P. 2d 209 (Ct.App.1969).

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.