528 P.2d 897

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Blas CHAVEZ, Defendant-Appellant.**

**No. 1443.**

Court of Appeals of New Mexico.

Nov. 27, 1974.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, Santa Fe, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of armed robbery. It was affirmed on appeal. State v. Chavez, 83 N.M. 349, 491 P.2d 1160 (Ct. App.1971).

Based upon newly discovered evidence, defendant's motion for a new trial was denied. Defendant appeals. We reverse.

Defendant was indicted for the armed robbery of a "Circle K" store at 1633 Bridge Boulevard, Albuquerque, New Mexico, on the evening of April 23, 1970.

During the trial, defendant raised the alibi defense that he was in Las Cruces, New Mexico, from April 21 to April 25, 1970, working as a hazer at a rodeo. Six witnesses testified in support of defendant's alibi.

The state produced three witnesses who identified defendant as the robber. One was the store manager at the time of the robbery.

On September 1, 1971, while his direct appeal was pending, defendant filed a second motion for a new trial. The manager testified that, although he had originally identified defendant as the robber, upon close observation he determined that defendant was not the robber.

The second motion for a new trial was denied. One of the principal reasons given was that, upon closely observing defendant after the trial, the manager did not think to look for a scar on defendant's neck, a fact by which he had identified the defendant at the time of trial. Although this record was supplied by supplemental transcript in the original appeal, it was not considered by this court in its affirmance of the conviction in State v. Chavez, supra.

An affidavit was filed by a patron of the Circle K at the time of the robbery. According to this affidavit, he had stated at a police lineup that defendant was not the man who robbed the store and that he had been prepared so to testify for the defense, but did not appear because of confusion as to the trial date.

On April 27, 1972, defendant orally moved the court for a new trial on grounds of newly discovered evidence, namely, that Charles Clay Sanman, an inmate of the penitentiary, now confessed to the robbery of which defendant was convicted. At a hearing on the motion, Sanman was represented by counsel, and was thoroughly advised of his constitutional rights, including his privilege against self-incrimination, and of the consequences of perjury. At that hearing, Sanman stated that he had committed the robbery, along with one Adolf Contreras. He testified that Contreras closely resembles defendant, so much so that Sanman had mistaken defendant for Contreras when he had first seen defendant in the penitentiary.

The third motion for a new trial based on newly discovered evidence was denied.

In State v. Fuentes, 67 N.M. 31, 33, 351 P.2d 209, 210 (1960), the Supreme Court said:

> The discretion of a trial court is not to be lightly interfered with as to the granting of a motion for new trial. Nevertheless, the facts in this case "fairly cry out" that in the interest of justice a new trial should be granted.

We believe the trial judge abused his discretion in denying the motion for a new trial. The necessary elements for granting a new trial on newly discovered evidence are enumerated in *Fuentes*. 67 N.M. at 33, 351 P.2d 209. These elements are all present here. The new testimony by the Circle "K" manager, and Sanman's confession, were both discovered after the trial. Reasonable diligence by defendant could not have secured these for the trial. The new testimony is material and goes to the merits of the case. At another trial, this new evidence might produce an opposite result before a jury.

Another jury should have the benefit of all the facts in order to arrive at a fair decision. See *Fuentes*; State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965).

The conviction and sentence are reversed. Defendant is granted a new trial. Defendant shall be released on posting a bond of $2,000.00, the amount originally posted at the time of arrest.

It is so ordered.

LOPEZ, J., concurs.

HENDLEY, J., dissents.

HENDLEY, Judge (dissenting).

I disagree with the majority.

I agree that the denial of the third motion for a new trial should be reversed. However, I would remand the case to the trial court for a new determination consistent with New Mexico law.

Defendant based his third motion for a new trial on the manager's recantation of his identification and on the Sanman testimony. The trial court ruled that " . . . the testimony of Mr. Sanman is not inherently believable and of itself does not entitle the defendant to a new trial."

First, the trial court did not address itself to defendant's first ground, the manager's recantation. Second, the trial court used an erroneous standard for determining whether the new evidence was such as ought to produce an opposite result on the merits. State v. Fuentes, 67 N.M. 31, 351 P.2d 209 (1960); see also State v. Houston, 33 N.M. 259, 263 P. 754 (1928).

Here, the trial court did not make that determination. It merely determined that the new evidence was not inherently believable. Such will not suffice to deny a motion for a new trial. See State v. Gomez, 75 N.M. 545, 408 P.2d 48 (1965).

Nevertheless, the trial judge heard the testimony of the manager and of Sanman. It saw their demeanor on the stand. Appellate courts should not strain to make determinations based on the cold words of transcripts when the trial court that heard and saw the evidence first-hand is in an infinitely better position to make decisions based on oral testimony.

Further, the majority opinion sets forth a new standard when it states, " . . . this new evidence *might* produce an opposite result before a jury." (Emphasis added). This is contrary to *Fuentes* and *Gomez*.

Also, the majority has gratuitously set bond when it was neither raised or requested. The record shows that the original appeal bond was $10,000.00. However, this was increased by the trial court to $15,000.00 " . . . for the reason that defendant failed to comply with the provisions of his former Appeal Bond." This matter should be left with the trial court. It has the machinery to ascertain a proper appeal bond amount.

I would therefore remand the case to the trial court, not for a new trial, but for a determination of a new trial consistent with New Mexico law.