537 P.2d 55

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Frances JARAMILLO, a/k/a Frances Lente, Defendant-Appellant.**

**No. 1670.**

Court of Appeals of New Mexico.

April 30, 1975.

Rehearing Denied May 19, 1975.

Certiorari Denied June 26, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Donald Klein, Jr., Associate Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Harvey B. Fruman, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

LOPEZ, Judge.

Defendant was indicted and convicted of unlawfully and intentionally trafficking in a controlled substance contrary to § 54–11–20, N.M.S.A.1953 (Repl. Vol. 8, pt. 2,

Supp.1973). She appeals her judgment and sentence and we affirm.

Defendant offers four points for reversal: (1) that the New Mexico courts had no jurisdiction; (2) that the opening remarks of the State were so prejudicial and lacking in foundation that defendant's motion for mistrial ought to have been granted; (3) that the trial court erred in denying defendant a continuance to locate and interview a witness whose identity was disclosed during the course of the trial; and (4) that the defendant was denied a fair trial by cumulative error as a result of remarks by the State during the opening and closing of the case.

### (1) *Jurisdiction*

The indictment was filed March 8, 1973. On August 23, 1973, defendant's attorney filed a "waiver" in which he acknowledged that the State had previously petitioned the New Mexico Supreme Court for an extension of time in which to try the case, stated he was cognizant of Rule 37, and voluntarily waived any objection to the petition for extension of time. See § 41–23–37, N. M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). On August 29, 1973, there was a notice of removal to Federal District Court. On September 6, 1973, the New Mexico Supreme Court granted a six month extension for prosecution of the case.

■ Defendant contends the trial court lost jurisdiction to proceed because the case was removed to the federal court. This contention ignores the record. The federal court remanded the case to the State court on October 18, 1973. Trial in the State court was in January, 1974.

■ Defendant argues that when the extension of September 6 was granted, the Supreme Court was without authority to grant the extension because the federal court had not yet remanded the case. We do not answer this contention because we are without authority to review Supreme Court orders granting extensions of time

to commence trial. State v. Sedillo, 86 N. M. 382, 524 P.2d 998 (Ct.App.1974).

■ However, the contention concerning Supreme Court jurisdiction is academic. Defendant, in this case, waived "any objection to the Petition for an extension of time requested by the State of New Mexico." This waiver constitutes an intentional abandonment of a known right. State v. Mascarenas, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972). We discern no fundamental right of defendant which would stand in the way of her express waiver, and therefore rule that she may not complain of an action which she foresaw and in which she acquiesced.

### (2) *State's opening remarks*

■ During opening remarks, the prosecution referred to the defendant as a "heroin pusher", "dope peddler" and one who is "plying her trade". The record shows that the defendant was a pusher, a peddler and that she was pursuing her trade. These are not uncommon words nowadays. The mere offer of the State to prove these matters about defendant was in no way prejudicial. Compare State v. Vallejos, 86 N.M. 39, 519 P.2d 135 (Ct.App.1974), where prosecutorial comments involved personal belief in the guilt of the accused.

### (3) *Continuance*

During trial, a prosecution witness disclosed the name of another person who was present when an alleged act of trafficking occurred. Defendant moved for a continuance to locate this person. The motion was ultimately denied.

■ The granting of a continuance is within the discretion of the trial court and will not be overturned absent a showing of abuse of discretion which was injurious to defendant. State v. Brewster, 86 N.M. 462, 525 P.2d 389 (Ct.App.1974). Defendant has not demonstrated either that the witness sought would, in fact, testify or that he could in any way, aid her case. No prejudice has been alleged which would alert the trial court to possible injury to the defendant's case; nor has defendant

shown in what way the trial court may have abused its discretion. State v. Baca, 85 N.M. 55, 508 P.2d 1352 (Ct.App.1973).

■ Defendant also moved for a new trial on grounds of newly discovered evidence. The new trial was also denied. There is no showing, either on the record or in the defendant's brief, that any new evidence would be such as might produce a different result on the merits. State v. Fuentes, 67 N.M. 31, 351 P.2d 209 (1960); State v. Chavez, 87 N.M. 38, 528 P.2d 897 (Ct.App.1974). The trial court did not abuse its discretion in denying the motion for a new trial.

(4) *Cumulative error*

Defendant contends that she was denied a fair trial because of the opening remarks of the State [see # 2 above], and of a closing remark by the State where the prosecutor stated:

> "It's a little hard to keep cool under the circumstances sometimes, and the thrust of the argument has been that this evidence has been trumped up. The implication of that is that I, too, am dishonest and am a fool, and I don't think I am."

Defendant argues that these comments amounted to "an accumulation of irregularities" which denied defendant a fair trial under the reasoning of State v. Vallejos, supra.

■ We have previously stated that there is substantial evidence in the record to support the prosecutor's opening remarks. The prosecutor's closing remarks were in response to defendant's closing remarks asserting the State's case had been totally fabricated. The prosecutor's comments were invited by defendant's closing argument. State v. Wesson, 83 N.M. 480, 493 P.2d 965 (Ct.App.1972). We, therefore, decline to apply the cumulative error doctrine as outlined in State v. Vallejos, supra.

The judgment and sentence are affirmed.

It is so ordered.

WOOD, C. J., concurs.

HENDLEY, J., specially concurring.

HENDLEY, Judge (specially concurring).

I concur in the majority opinion except for that part under the Jurisdiction heading which gratuitously discusses waiver. The vice of this part of the opinion is that it is unnecessary and at best advisory. See State v. Barboa, 84 N.M. 675, 506 P.2d 1222 (Ct.App.1973), Special Concurring Opinion. The short answer to the issue is found in State v. Sedillo, 86 N.M. 382, 524 P.2d 998 (Ct.App.1974), (concurred in by the majority herein): we are simply unable to review orders of the Supreme Court.