564 P.2d 1000

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Dee WILBURN, Defendant-Appellant.**

No. 2863.

Court of Appeals of New Mexico.

May 3, 1977.

John Paul Gallegos, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Ernesto J. Romero, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

Convicted of fraud in violation of § 40A–16–6, N.M.S.A. 1953 (2d Repl. Vol. 6), defendant appeals. The dispositive issue involves an amendment to the indictment at the close of the State's case-in-chief, and the refusal of the trial court to grant defendant's motion for a continuance after the amendment was granted.

The indictment charged defendant with intentionally misappropriating money in an amount over $2,500.00 by means of fraudu-

lent conduct. The indictment charged that the offense occurred on or about May 10, 1976.

The evidence introduced during the State's case covered the gamut of the dealings between defendant and the car dealership involved. This evidence is to the effect that defendant rented a Ford Maverick upon a promise to pay, that defendant did not pay and continued to use the Maverick through false representations. The evidence also went into the dealings for a lease of a Ford Granada, a draft which took an inordinately long time to go through banking channels before being returned unpaid, and a check on which payment was stopped. The amount of defendant's indebtedness to the car dealership was also litigated. This evidence came in without objection from either party, and there is no claim that any evidence was improperly admitted.

At the close of the State's case, defendant moved for a directed verdict. One of the grounds asserted by defendant was that there was no evidence that any money had been misappropriated. The State contended that the car dealer had suffered a loss of profit in dealing with defendant and lost profits amounted to a misappropriation of money. When the trial court inquired concerning certain items of evidence, the State stated that if the trial court was inclined to grant defendant's motion then the State desired to amend the indictment to conform to the evidence.

After argument of counsel and over defendant's objection, the trial court granted the State's motion to amend. As amended, the charge against defendant was that he intentionally misappropriated the use of the Ford Maverick between May 13 and July 21, 1976 and that the value of this use was over $100.00 but less than $2,500.00. Defendant then moved for a continuance which the trial court denied.

The amended indictment changed the thing misappropriated from money to use of a car, changed the date of the offense, and changed the value of the item misappropriated. Defendant asserts that with these changes a different offense was charged in violation of R.Crim.P. 7(a). We do not answer this contention because after granting this amendment, the trial court erred in denying defendant's motion for a continuance.

R.Crim.P. 7(c) states in part:

"The court may at any time allow the indictment or information to be amended in respect to any variance to conform to the evidence. If the court finds that the defendant has been prejudiced by an amendment, the court may postpone the trial or grant such other relief as may be proper under the circumstances."

In seeking a continuance, defendant asserted that the amendment prejudiced him because his defense had been directed to the charge of misappropriation of money. Defendant claimed he was not prepared to defend against the amended charge, that to conduct such a defense other evidence would be needed. Defendant specifically mentioned telephone bills to substantiate when he made certain telephone calls to the car dealership and a witness that overheard defendant's end of one of the telephone conversations. See *State v. Lunn*, 80 N.M. 383, 456 P.2d 216 (Ct.App.1969).

■■ The granting of a continuance is within the trial court's discretion; the trial court's ruling on a motion for a continuance is reviewable only for an abuse of discretion. Discretion was abused in this case. Prior to trial, defendant had no notice that he must defend against a charge of misappropriating the use of a car. While evidence of such a misappropriation came in without objection, see *State v. McKay*, 79 N.M. 797, 450 P.2d 435 (Ct.App.1969), nevertheless, defendant was not charged with nor defending against the misappropriation of use of the car when the evidence was admitted. Once the indictment was amended, defendant's uncontradicted showing is that relevant evidence was available to defend against the amended charge. The trial court was informed as to the substance of this evidence. Compare *State v. Jara-*

**438**

*millo*, 88 N.M. 60, 537 P.2d 55 (Ct.App.1975); *State v. Brewster*, 86 N.M. 462, 525 P.2d 389 (Ct.App.1974). In these circumstances, failure to grant the continuance denied defendant the opportunity to defend against the amended charge.

The judgment and sentence are reversed. The cause is remanded with instructions to grant defendant a new trial.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.