This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37287**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**NICHOLAS VALLES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant appealed from the district court's denial of his motion for a mistrial, based on the State arguing facts not in evidence during its closing. This Court issued a notice of proposed disposition, proposing to reverse. The State filed a memorandum in opposition, which contained a recitation of additional facts. Based on those facts, we issued a second notice proposing to affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our second notice proposed to affirm on the basis that the prosecutor's statements appeared to have been invited responses to defense counsel's inaccurate statements that Defendant was not offered a breath test, and performed the same function as the evidence of Defendant's "refused" breath test that the district court had stated could be used to impeach Defendant. [2 CN 4] We therefore proposed to conclude that the prosecutor's comments in this regard constituted an invited response and that the other comments concerning Defendant's consciousness of guilt were appropriately resolved through curative instructions, and therefore neither warranted a mistrial. [2 CN 5]

**{3}** We relied on the additional facts provided by the State for our proposed disposition. [CN 3-4] In response, Defendant does not point to any error with our reliance on those facts. [MIO 1-4] *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (requiring that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement). Indeed, Defendant concedes that defense counsel argued in closing that the State's evidence did not explain why Defendant was not given a breath test because the State had not been able to show that evidence. [MIO 4] However, he continues to argue that the prosecutor's comments constituted prosecutorial misconduct and cannot be excused by the invited-error doctrine, as "the comments in this case were far more prejudicial" than cases where invited error excused conduct. [MIO 8] Defendant claims that this is because the prosecutor argued facts not in evidence. [D MIO 9] We are not persuaded.

**{4}** The very purpose of the invited-response doctrine is to excuse comments by the prosecutor, including facts not in evidence, which might otherwise constitute reversible error when defense counsel's closing argument opens the door to such comments. *See State v. Pennington*, 1993-NMCA-037, ¶ 28, 115 N.M. 372, 851 P.2d 494. It was defense counsel who first raised facts not in evidence by implying the absence of a breath test. "[W]e are least likely to find error where the defense has opened the door to the prosecutor's comments by its own argument or reference to facts not in evidence." *State v. Sosa*, 2009-NMSC-056, ¶ 33, 147 N.M. 351, 223 P.3d 348 (internal quotation marks and citation omitted). This is true regardless of whether the responsive comment was improper. *See State v. Wesson*, 1972-NMCA-013, ¶ 9, 83 N.M. 480, 493 P.2d 965 ("Even if the comment was improper, which we do not determine, it was invited and the court's ruling was not error.").

**{5}** Moreover, Defendant's argument that the prosecutor's comments in *State v. Jaramillo*, which were excused under invited-response doctrine, were less prejudicial than the comments at issue in this case, is not determinative of our analysis. [MIO 8] 1975-NMCA-050, ¶ 12, 88 N.M. 60, 537 P.2d 55. The question is whether "the prosecutor's invited response, taken in context, unfairly prejudiced the defendant" under the specific facts of this case. *Pennington*, 1993-NMCA-037, ¶ 30 (internal quotation marks and citation omitted). At trial, evidence was presented that Defendant failed to stop at a red light, admitted to consuming alcohol prior to driving, and the officer conducting field sobriety tests believed the tests indicated that Defendant was impaired.

[DS 3] Considering the prosecutor's comments in the specific context of this case, where the district court sustained defense counsel's objections and gave curative instructions, together with the additional evidence of guilt, including Defendant's own admission, we conclude that Defendant was not unfairly prejudiced such that he was denied a fair trial. *See State v. Varos*, 1961-NMSC-099, ¶ 12, 69 N.M. 19, 363 P.2d 629 (citing with approval a California case in which after a court found there was invited error, it found that together with a full warning by the trial court and strong evidence of guilt, no prejudice had resulted); *cf. State v. Diaz*, 1983-NMCA-091, ¶ 19, 100 N.M. 210, 668 P.2d 326 (reversing due to cumulative error resulting from the prosecutor's repeated, over extensive, improper remarks to the jury).

**{6}** Lastly, our initial calendar notice addressed the docketing statement's issue (A), regarding the dropping of the aggravated DWI charge, and proposed to conclude Defendant had not demonstrated error. [CN 6] Defendant did not respond to our proposed disposition in his memorandum in opposition, and we therefore adopt and incorporate that resolution in this memorandum opinion. [2 CN 6] *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (stating that where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

**{7}** For these reasons, and those stated in the second calendar notice, we affirm.

**{8}** **IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY H. IVES, Judge**