THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID SANDERSON, Defendant-Appellant.

Third District   No. 75-469

Opinion filed May 13, 1977.

E. Michael O'Brien, of Hamm, Hanna & O'Brien, of Peoria, for appellant.

Bruce Black, State's Attorney, of Pekin (James E. Hinterlong and Linda M. Vodar, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After a jury found the defendant, David Sanderson, guilty of unlawful delivery of a substance represented to be a controlled substance in violation of section 404 of the Illinois Controlled Substances Act (Ill. Rev.

Stat. 1973, ch. 56½, par. 1404), the circuit court of Tazewell County sentenced the defendant to a period of probation and a fine of $750.

Only two witnesses were called to testify at trial, a narcotics officer to whom the drugs were sold and the defendant. John Stephens, the narcotics officer, testified that on August 28, 1974, the defendant sold him approximately 1,000 tablets of a substance which the officer understood to be amphetamines or "speed." No explicit reference to "speed" or amphetamines was used by the defendant on the August 28 transaction, but according to Stephens, the defendant stated something to the effect that the tablets sold on the 28th were "out of the same batch" as some tablets defendant had sold to Stephens on a previous occasion. Over objection of defense counsel, Stephens related the circumstances of the prior transaction which had occurred on August 24, 1974. The officer recalled that the defendant had spoken of "speed" on that occasion and in response to an inquiry by the officer if the defendant had any more "speed" he could spare, the defendant said he could spare another hundred hits, whereupon he sold to the officer 100 amphetamine tablets for $25. The agent had met the defendant on one other occasion, but no sales took place. On cross-examination, the officer stated that the defendant had no mustache, but may have had a small amount of facial hair, as if he were starting a beard or hadn't shaved.

The defendant testified he had never seen Officer Stephens prior to trial and had never seen the bag and pills admitted into evidence on behalf of the State. He stated that in August 1974 he wore a mustache and had a full-grown (two inches long) beard. In response to a question on cross-examination of whether the defendant had any friends who would have seen him with a beard in August 1974, the defendant answered in the affirmative. During closing argument the prosecutor commented on the fact that the defendant had testified that other people saw him with a full beard and mustache, but the defendant had failed to bring these people into court as witnesses on his behalf.

On this appeal the defendant claims that the prosecution's comments upon defendant's failure to call witnesses constituted reversible error, the testimony of Officer Stephens referring to an earlier sale was impermissible evidence of other crimes, and finally, the evidence failed to prove defendant's guilt beyond a reasonable doubt. We find no merit in any of these claims.

■■ We need not discuss in detail defendant's contention that error occurred when the prosecutor commented upon defendant's failure to introduce any witnesses who saw defendant with a beard. In *People v. Blakes*, 63 Ill. 2d 354, 348 N.E.2d 170, the court held it was proper to elicit such information from a defendant on cross-examination and then comment upon it during closing argument. Upon the authority of *Blakes*,

we find no error in either the prosecution's cross-examination of defendant or his closing argument.

■■ As concerns defendant's objection to the testimony of Officer Stephens, it is well established that evidence of narcotic transactions by a defendant other than the one for which he is being tried is relevant and properly admissible to prove the defendant's identity, his knowledge, or to show his design or system. (*People v. Cole*, 29 Ill. 2d 501, 194 N.E.2d 269.) It was proper to allow Officer Stephens to testify about the sale on August 24.

■■ Lastly, defendant contends that the evidence failed to prove him guilty beyond a reasonable doubt. In support of his contention, defendant argues that the officer's identification was suspect and the officer's testimony did not establish that the defendant expressly represented the substance being sold on August 28 as "speed." The testimony of Officer Stephens was sufficient to convict the defendant. While the more commendable practice might be for the prosecution to call some of the other witnesses who observed the sale, we know of no case which requires such a practice. While the failure to call these witnesses does weaken the State's case and such a failure is an appropriate subject for defense counsel's closing argument, it does not render the jury's decision invalid. The officer observed the defendant on three separate occasions and identified him in open court. This evidence was sufficient, if believed, to allow the jury to find that the defendant was the individual who sold the amphetamines to Officer Stephens.

Nor do we find any necessity before a defendant may be convicted under section 404 of the Illinois Controlled Substances Act, that during the sale, the defendant expressly denominate the controlled substance being sold. It is sufficient that the evidence establish a common understanding between the defendant and the undercover officer as to the type of substance being sold. We believe such an understanding is supported by the evidence in this case.

■■ The issues of credibility that are necessarily attendant to any case where it is the word of the defendant against the word of the sole prosecution witness were resolved against the defendant. A reviewing court should not disturb a conviction unless the evidence is so improbable as to raise a reasonable doubt of guilt. (*People v. Mills*, 40 Ill. 2d 4, 237 N.E.2d 697.) We have no such doubts in this case.

For the foregoing reasons the judgment of the circuit court of Tazewell County is affirmed.

Judgment affirmed.

STENGEL, P. J., and BARRY, J., concur.