THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KENNETH TRUMP, Defendant-Appellant.

Third District   No. 77-215

Opinion filed August 3, 1978.

Robert Agostinelli and Susan Solovy, both of State Appellate Defender's Office, of Ottawa, for appellant.

Frank X. Yackley, State's Attorney, of Ottawa (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Kenneth Trump, is appealing from judgements of guilty on charges of speeding, improper backing, and attempting to elude a police officer. As a result of these convictions, the defendant was fined $220 for improper backing, $240 for speeding and $520 with a sentence of one year's probation, serving the first three months in the La Salle County Jail, for attempting to elude a police officer.

At the close of all the evidence, the defendant moved for a directed verdict on the charge of attempting to elude a police officer. The trial court, however, reserved its ruling on this motion until the jury returned its verdict. Whether this reservation of ruling was error is one of the issues raised by the defendant in this appeal.

■■ There is a reason for not allowing a trial court to reserve ruling on a motion for a directed verdict made at the close of the prosecution's case. The reason is that the defendant ought not to be forced to decide whether to produce evidence in his defense without knowing that the prosecution's evidence was sufficient. (3 Wharton's Criminal Procedure §520 (12th ed. 1975).) However, some jurisdictions do allow the reservation of a ruling on a directed verdict made at the close of all the evidence. (3 Wharton's Criminal Procedure §520 (12th ed. 1975).) The defendant having already presented his evidence, there is no longer a reason for denying the trial judge the discretion of reserving his ruling. Therefore, we find that the trial court committed no error by reserving its ruling on the motion for a directed verdict made at the close of all the evidence.

As a second issue, the defendant asks whether he was proven guilty beyond a reasonable doubt of the offense of attempting to elude a police officer. A reviewing court will not disturb a jury's verdict of guilty unless the evidence presented at trial was so improbable as to raise a reasonable doubt of guilt. (*People v. Yarbrough* (1977), 67 Ill. 2d 222, 367 N.E.2d 666; *People v. Sanderson* (3d Dist. 1977), 48 Ill. App. 3d 472, 363 N.E.2d 180.) The defendant argues that the evidence does not show that the defendant knew the police officer was pursuing his vehicle. An individual's mental

state may be inferred from the circumstances proven, and unless the inference accepted by the jury is inherently impossible or unreasonable, the reviewing court will not substitute its judgment for that of the jury. See *People v. York* (3d Dist. 1978), 57 Ill. App. 3d 243, 373 N.E.2d 90; *People v. Parker* (3d Dist. 1976), 35 Ill. App. 3d 870, 343 N.E.2d 52.

The facts educed at trial established that at approximately 2 a.m. on August 9, 1975, Officer Albert Vescogni of the Illinois State Police observed a radar reading of 96 miles per hour from a vehicle southbound on Highway 51, later determined to be driven by the defendant. While making this radar check, Officer Vescogni was using a white patrol car, marked with gold insignia, which was parked only 40 feet from the highway. After the defendant drove past, the officer took chase, turning the overhead lights and siren on after about one mile. In this chase, the patrol car was traveling at between 115 and 120 miles per hour and, since there were no other cars between the defendant's vehicle and the patrol car, the officer was able to continuously observe the taillights on the defendant's car, until it entered the Village of Tonica.

As the defendant reached the north end of Tonica, the officer observed the defendant brake, the car swerve to the right, straighten out and then accelerate into Tonica. While the officer testified that his overhead lights were on continuously, he admitted that, as he approached Tonica, he switched the siren to manual so that it would not interfere with his radio transmission reporting a high speed chase.

While traveling through Tonica, the defendant's car disappeared over a hill, and as the patrol car came over the crest of the hill, Officer Vescogni observed the defendant's car in a cross street backing out directly into the southbound lane. At that time, aside from a northbound truck, the officer observed no other vehicles for the next mile or mile and a half. At no time during the chase was there any other vehicle between the defendant's car and the pursuit vehicle.

Because of this maneuver by the defendant, the patrol car skidded into the defendant's car. The skid marks indicated that the squad car skidded in a straight line headed south while the defendant's car had attempted a right turn and then backed up onto Highway 51, as shown by acceleration marks.

The defendant testified that he never observed any flashing red lights and that he did not hear a siren. In addition, he denied that the skid marks were made by his vehicle. Furthermore, the defendant alleged that Officer Vescogni was a rival for the affection of a girlfriend of the defendant and suggested that the officer was out to get him. The defendant's father testified that the defendant's car was not capable of traveling beyond 50 miles per hour without developing a shimmy. However, at the trial the defendant admitted that his first reaction after

750

the collision was to tell Officer Vescogni that he had been hitch-hiking rather than driving the car. At the trial, however, the defendant admitted being the driver of the car, testifying that he was in the process of turning his car around to pick up his daughter when the patrol car collided with his vehicle.

From these facts, a jury could reasonably infer that the defendant knew the patrol car was in pursuit of the defendant's car and wilfully failed to stop his vehicle. It is the province of the jury to weigh the evidence, judge the credibility of witnesses and determine the facts, and therefore, a reviewing court will not set aside a guilty verdict unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt as to the guilt of the accused. (*People v. Sweeney* (3d Dist. 1977), 46 Ill. App. 3d 858, 361 N.E.2d 344.) The finding of the jury is not palpably contrary to the evidence. Nor is it so unreasonable, improbable or unsatisfactory as to create a reasonable doubt.

Accordingly, the judgment of the Circuit Court of La Salle County is affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.