725 P.2d 263

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Ben MARTINEZ, Defendant-Appellant.**

**No. 8955.**

Court of Appeals of New Mexico.

July 15, 1986.

Certiorari Denied Aug. 20, 1986.

. Paul G. Bardacke, Atty. Gen., Bill Frimm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Wendy York, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant appeals his conviction for the distribution of amphetamine, contrary to NMSA 1978, Section 30–31–22(A)(2)(a) (Repl.Pamp.1980). Defendant has briefed three issues on appeal:

1. Whether his conviction is supported by substantial evidence if the state failed to prove the quantity of amphetamine sold by defendant;

2. Whether his conviction is supported by substantial evidence if the state failed to prove that defendant knew or believed the substance sold was amphetamine; and

3. Whether the trial court erred in permitting the state's witness to testify as a special deputy sheriff.

## SUFFICIENCY OF EVIDENCE WITHOUT PROOF OF THE QUANTITY OF AMPHETAMINE SOLD

██ Defendant claims that there was insufficient evidence to support his conviction because the state failed to prove the quantity of amphetamine sold by defendant to an undercover agent. Defendant argues that NMSA 1978, Section 30–31–7(A)(3) (Repl.Pamp.1980) requires the state to prove that the quantity of amphetamine distributed by defendant had a potential for abuse associated with a stimulant effect on the central nervous system. This court rejected a similar argument in *State v. Hernandez*, 104 N.M. 97, 717 P.2d 73 (Ct. App.1986), and that ruling controls here. The rule adopted in *State v. Hernandez* prohibits the distribution of any quantity of a controlled substance listed in Section 30–31–7(A)(3). Under this statute, the state is not required to prove that the particular amount of a controlled substance sold by defendant had a potential for abuse. *See State v. Hernandez; see also* NMSA 1978, UJI Crim. 36.02 (Repl.Pamp.1982).

## SUFFICIENCY OF EVIDENCE OF DEFENDANT'S KNOWLEDGE

██ ·Defendant contends that the state failed to prove that defendant knew the pills which he sold contained amphetamine. The state asserts that defendant's knowledge of the amphetamine content can be inferred from defendant's words and conduct.

In order to find defendant guilty of transferring a controlled substance, the state must prove beyond a reasonable doubt that defendant knew or believed it was a controlled substance. *Martinez v. State*, 91 N.M. 747, 580 P.2d 968 (1978). *See State v. Garcia*, 76 N.M. 171, 413 P.2d 210 (1966); UJI Crim. 36.02. Defendant's

knowledge may be proved by his conduct or by circumstantial evidence. *See State v. Bauske,* 86 N.M. 484, 525 P.2d 411 (Ct.App. 1974) (finding sufficient evidence of defendant's knowledge where defendant had fresh needle marks on his arm and heroin paraphernalia in his car); *State v. Garcia* (holding sufficient evidence of defendant's knowledge where defendant threw a package of marijuana out the window, when the car in which he was riding was stopped by police officers).

Sufficient evidence of knowledge has been found where there is a knowing representation of a controlled substance without an express denomination by defendant of the controlled substance. *See People v. O'Connol,* 98 Ill.App.3d 625, 54 Ill.Dec. 180, 424 N.E.2d 930 (1981) (affirming defendant's conviction where defendant had previously asked an undercover officer if the "white cross" pill which he had given her was good and invited the officer to go "get high" with him; defendant stated he might be able to get "100 hits for $20;" and where defendant later sold the officer a bottle of 900 "white cross" tablets, without any reference to the controlled substance sold as speed or amphetamine); *People v. Sanderson,* 48 Ill.App.3d 472, 6 Ill. Dec. 651, 363 N.E.2d 180 (1977) (affirming defendant's conviction where defendant did not expressly represent the substance being sold as "speed" or "amphetamine", but rather assured the undercover officer that he could spare a hundred "hits" out of the same batch.)

In *People v. O'Connol,* a case factually similar to the present case, the Illinois court held that evidence was sufficient to convict where the circumstances of the transaction indicated a mutual understanding between defendant and the undercover officer that the substance being sold was a controlled substance. Express mention of the name of the controlled substance by defendant need not be established; the evidence is sufficient if the fact finder can reasonably find the existence of a common understanding between the defendant and the undercover agent that the substance sold or distributed was a controlled substance. *People v. Sanderson.*

In the present case, the record includes testimony from the state's witness, Lonnie Hood, concerning defendant's knowledge that the substance sold included amphetamine. Without objection from defendant, Hood testified that defendant told him that although he did not know what the pills were, they would get Hood "good and high." Hood also testified that when he commented that at $30.00 for fifteen pills, it was $2.00 a "hit," defendant replied: "well, they [the pills] were all good." Defendant accepted $30.00 for the pills, and Hood left. Proof of knowledge is sufficient if the evidence discloses some conduct from which the fact finder may fairly infer defendant's knowledge that the substance sold or distributed was a controlled substance. *See State v. Garcia.* In reviewing sufficiency of the evidence, the appellate court draws all reasonable inferences from the facts which support the verdict. *State v. Bejar,* 101 N.M. 190, 679 P.2d 1288 (Ct. App.), *cert. denied,* 101 N.M. 189, 679 P.2d 1287 (1984). Defendant's conduct in selling the pills, coupled with his assertion that they would get Hood "good and high," was sufficient evidence from which to infer defendant's knowledge of a controlled substance.

### ADMISSION OF TESTIMONY

Defendant additionally claims that the trial court erred in permitting Lonnie Hood to testify as a special deputy sheriff without proper qualifications. Defendant challenges the validity of Hood's appointment as deputy sheriff, contending that he was not a registered voter in New Mexico, as required under NMSA 1978, Section 4–41–10 (Supp.1981). The state argues that this issue should not be considered because the record is insufficient to substantiate defendant's claim and because defendant cites no authority for the proposition that a defective appointment prevents a witness from testifying as a deputy sheriff.

Defendant argues that Hood was not properly qualified as a deputy sheriff because he was not a registered voter,

hence his testimony as a deputy sheriff should not have been admitted. Defendant cites no authority for this contention. Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed on appeal. *In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984). NMSA 1978, Evid. Rule 601 (Repl.Pamp. 1983) states: "Every person is competent to be a witness except as otherwise provided in these rules." NMSA 1978, Evid. Rule 602 (Repl.Pamp.1983) requires that a witness have "personal knowledge of a matter" in order to testify. A witness having personal knowledge of relevant matters is competent to testify. *State v. Brown,* 100 N.M. 726, 676 P.2d 253 (1984).

Defendant also argues that admission of the witness' testimony as deputy sheriff was prejudicial to defendant because it gives him a "misleading aura or certainty." Admission of evidence is entrusted to the discretion of the trial court, and its ruling will not be disturbed absent a clear abuse of discretion. *State v. Worley,* 100 N.M. 720, 676 P.2d 247 (1984). Here, the record includes Hood's testimony, which was given and admitted without objection from defendant. Upon being asked what his occupation was, Hood testified that he was an undercover narcotics agent and had thirteen years of experience in this capacity. Additionally, Hood testified that, at the time of the incident giving rise to the offense charged, he was a deputy sheriff for the Union County Sheriff's Department in New Mexico and that he had held similar positions in other places over a number of years. Admission of evidence concerning the employment of a witness is within the discretion of the trial court. *See State v. Wesson,* 83 N.M. 480, 493 P.2d 965 (Ct.App. 1971). Based on the evidence in the record, defendant has failed to show an abuse of discretion. *See id.* The evidence does not establish the prejudice of which defendant complains. To be reversible, error must be prejudicial. *State v. Wright,* 84 N.M. 3, 498 P.2d 694 (Ct.App.1972). A claim of prejudice not supported by the record is insufficient. *State v. Burdex,* 100 N.M. 197, 668 P.2d 313 (Ct.App.), *cert. denied,* 100 N.M. 192, 668 P.2d 308 (1983). For these reasons, we hold no reversible error was made.

Having found no error by the trial court, the defendant's conviction is affirmed.

IT IS SO ORDERED.

GARCIA and FRUMAN, JJ., concur.