This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38793**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ANDRES GONZALES-GAYTAN,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Anne Minard, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**    The State appeals pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972), contending that the district court abused its discretion by suppressing two pieces of evidence: (1) expert testimony that the alleged victim, a minor, was diagnosed with chlamydia, and (2) testimony from the minor's mother (Mother) as to Mother's own treatment for chlamydia. We conclude the court erred by excluding (1) expert testimony as to the minor's chlamydia diagnosis, and (2) Mother's testimony as to her chlamydia

infection as hearsay. We do not decide whether Mother's testimony as to her chlamydia infection is otherwise admissible, leaving that question for the district court on remand.

**BACKGROUND**

**{2}**     Defendant was charged with several crimes arising from contact with a nine-year-old girl, C.C., including sexual penetration of a minor and criminal sexual contact of a minor. In briefing and a pretrial evidentiary hearing, the State relied on C.C.'s statements that Defendant penetrated her vaginally and anally. The State also proffered expert medical testimony that C.C. tested positive for chlamydia following the alleged sexual penetration. In addition, the State proffered testimony of C.C.'s mother that she tested positive for chlamydia after being in a sexual relationship with Defendant.

**{3}**     Defendant moved in limine to exclude both the expert's testimony that C.C. tested positive and to exclude Mother's testimony about her own infection. The district court granted Defendant's motion in limine and excluded C.C.'s "alleged positive [chlamydia] result[,]" concluding that the danger of unfair prejudice substantially outweighed its probative value under Rule 11-403 NMRA; and stated that Mother's testimony as to testing positive for an STD would constitute inadmissible hearsay.

**DISCUSSION**

**I.     The District Court's Order Was Based on a Misunderstanding of the Law**

**{4}**     The State argues expert testimony about C.C.'s chlamydia diagnosis was highly relevant because it is "per se" evidence of sexual penetration and, therefore, rape in a child as young as C.C. The State further contends C.C.'s diagnosis was highly relevant to support the credibility of C.C.'s description of the assault because C.C. described Defendant having penetrated her anally and vaginally, and separate chlamydia tests returned positive results from both of these sites. The State asserts the district court misapplied the balancing test under Rule 11-403 because it failed to weigh the potential for prejudice against the probative force of the chlamydia evidence and instead weighed the potential for prejudice against the State's ability to corroborate that Defendant in fact gave C.C. chlamydia.

**{5}**     In response, Defendant argues that the district court properly exercised its discretion in excluding evidence of C.C.'s positive chlamydia test because, without evidence corroborating that Defendant gave C.C. chlamydia, the evidence's probative value is substantially outweighed by its potential for unfair prejudice. Defendant contends that the district court was "logically and reasonably concerned" that evidence of C.C.'s chlamydia diagnosis would lead the jury to assume Defendant gave C.C. chlamydia and introduce an "inflammatory element" that had the potential to distract the jury and "improperly motivate jurors' inferences." Upon review of the parties' arguments, we conclude that the district court erred by excluding this evidence.

**{6}** "Rulings admitting or excluding evidence are generally reviewed for an abuse of discretion." *State v. Campbell*, 2007-NMCA-051, ¶ 9, 141 N.M. 543, 157 P.3d 722. The district court abuses its discretion when its ruling is "obviously erroneous, arbitrary and unwarranted" or "clearly against the logic and effect of the facts and circumstances before the court." *Id.* (internal quotation marks and citations omitted). "However, . . . an abuse of discretion review is not tantamount to rubber-stamping the district court's decision." *State v. King*, 2012-NMCA-119, ¶ 5, 291 P.3d 160 (internal quotation marks and citation omitted). Additionally, "[a district] court abuses its discretion when it exercises its discretion based on a misunderstanding of the law." *State v. Lente*, 2005-NMCA-111, ¶ 3, 138 N.M. 312, 119 P.3d 737.

**{7}** Rule 11-403 allows a district court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . [or] misleading the jury[.]" "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action." Rule 11-401 NMRA; *see also State v. Ruffin*, 2019-NMCA-009, ¶¶ 29-30, 458 P.3d 445 (stating that expert testimony was highly probative because it bore directly upon a key issue in the case).

**{8}** In child abuse cases, whether abuse occurred is often at issue. *See State v. Alberico*, 1993-NMSC-047, ¶ 71, 116 N.M. 156, 861 P.2d 192 (noting that the "prosecution sought the introduction of expert testimony to show that a crime had been committed: that is, . . . to show that sexual abuse had taken place"); *see also State v. Galindo*, 2018-NMSC-021, ¶¶ 38-39, 415 P.3d 494 (concluding that admission of graphic photographs was not error; although photographs were prejudicial, they were relevant to establish that a crime had occurred and that the infant's injuries were not consistent with the defendant's explanation of events). To establish that abuse has occurred, physical evidence of abuse can be probative, even when such evidence does not identify the perpetrator of the abuse. For example, in *State v. Sena*, this Court determined that DNA evidence found on the victim's thigh was probative, even though there was insufficient DNA to identify any particular person as the source of the DNA. 2018-NMCA-037, ¶¶ 50, 53, 419 P.3d 1240, *aff'd in part, rev'd in part, and remanded*, 2020-NMSC-011, ¶ 4, 470 P.3d 227. Because the DNA evidence could assist the jury in choosing between two differing theories as to whether the defendant committed sexual offenses against the victim, this Court concluded it was probative. *Id.* ¶ 53. Similarly, in *Alberico*, our Supreme Court concluded that expert testimony may be offered to show that an alleged minor victim's PTSD symptoms were consistent with sexual abuse, but that experts could "not testify as to the identity of the alleged perpetrator of the crime" or that sexual abuse caused the child's PTSD symptoms. 1993-NMSC-047, ¶¶ 76, 80, 84, 88, 91.

**{9}** Here, we conclude that the district court exercised its discretion to exclude evidence of C.C.'s chlamydia diagnosis based on a misunderstanding of the law. Whether sexual penetration occurred is at issue in this case. Specifically, the State has the burden to prove at trial that sexual penetration occurred. *See* NMSA 1978, § 30-9-11(A) (2009) (defining criminal sexual penetration in relevant part as the "causing of a

person to engage in sexual intercourse . . . or anal intercourse or the causing of penetration . . . of the genital or anal openings of another); *see also* UJI 14-957 NMRA (requiring the state to prove "[t]he defendant caused [the victim] to engage in [sexual or anal intercourse.]" ). The State proffered evidence of C.C.'s chlamydia diagnosis for this purpose—to show that C.C.'s injury, a chlamydia infection, was consistent with sexual penetration, which made it more probable C.C. was sexually penetrated. The expert who testified at the evidentiary hearing stated that the probability C.C. had a *non-sexually* transmitted version of chlamydia despite testing positive for a sexually transmitted version of the disease approached zero percent. Defense counsel acknowledged that C.C.'s positive chlamydia test was "definitive of sexual abuse." The district court determined that the expert's testimony was reliable.

**{10}**   But while the district court acknowledged that C.C.'s chlamydia diagnosis was probative because it was powerful evidence that she was a victim of sexual abuse, the court reasoned that the evidence had "*little if any* probative value as to the innocence or guilt of . . . Defendant as to the underlying charges" without "admissible relevant testimony to establish that Defendant had the same STD as the minor at all times pertinent, and that Defendant in fact transmitted the STD to the minor[.]" (emphasis added). In other words, the district court determined that evidence of C.C.'s chlamydia diagnosis had no probative value unless the State could establish Defendant gave C.C. chlamydia. The district court thus erred in two ways. First, the court did not properly consider the probative value of C.C.'s chlamydia diagnosis to establish whether sexual abuse occurred; that is, to show C.C.'s chlamydia symptoms were consistent with sexual abuse. *Cf. Alberico*, 1993-NMSC-047, ¶¶ 76, 80, 83-84; *Sena*, 2018-NMCA-037, ¶ 53. And second, the court conditioned the admission of the evidence of C.C.'s chlamydia diagnosis on the State's provision of evidence to establish that Defendant gave C.C. chlamydia. Accordingly, we conclude that the district court exercised its discretion based on a misunderstanding of the law.

**{11}**   As a result of this misunderstanding, the district court failed to consider that evidence of C.C.'s chlamydia diagnosis could be highly probative, despite not being linked to Defendant, and, as a consequence, the district court did not apply the Rule 11-403 balancing test correctly. *Cf. State v. Stanley*, 2001-NMSC-037, ¶ 12, 131 N.M. 368, 37 P.3d 85 (noting that the district court's balancing test under Rule 11-403 "went awry" in that it improperly weighed the possible prejudice of the evidence). To reiterate, evidence of C.C.'s chlamydia diagnosis was probative as to whether sexual contact occurred. C.C. tested positive for chlamydia at two separate sites, her vagina and anus, which provides objective proof to corroborate C.C.'s statements that she was penetrated both vaginally and anally. *See Alberico*, 1993-NMSC-047, ¶¶ 76, 83, 89 (noting that expert testimony that a victim's PTSD symptoms were consistent with sexual abuse permissibly corroborated the victim's story).

**{12}**   We acknowledge that evidence of a minor's STD diagnosis poses a potential danger of misleading the jury. But we note, as did the State, that a limiting instruction could address this concern. Such a limiting instruction would inform the jury that evidence of C.C.'s chlamydia diagnosis was not being admitted to prove the identity of

the person who infected C.C. but rather *only* for the purpose of determining whether sexual contact occurred, and that, as finder of fact, the jury could make reasonable inferences from the medical findings and from C.C.'s testimony. *See Norwest Bank N.M., N.A. v. Chrysler Corp.*, 1999-NMCA-070, ¶ 40, 127 N.M. 397, 981 P.2d 1215 (noting that the jury was carefully instructed on the limited use of a specific type of evidence and stating "we assume the jury followed . . . instructions absent evidence to the contrary"); *see also* Rule 11-105 NMRA (providing for a limiting instruction when evidence is admissible for one purpose but not for another); *State v. Maes*, 2007-NMCA-089, ¶ 12, 142 N.M. 276, 164 P.3d 975 ("We must allow the jury to draw reasonable inferences[.]"). In sum, we conclude the district court's decision excluding evidence of C.C.'s chlamydia diagnosis was based on a misunderstanding of the law and, therefore, constituted an abuse of discretion.

## II. The District Court Erred to the Extent It Excluded Mother's Testimony Based on a Hearsay Objection

**{13}** In response to the district court's insistence that the State provide corroborating evidence that Defendant was also infected with chlamydia, the State proffered evidence that Mother had been in a sexual relationship with Defendant and tested positive for chlamydia. The district court concluded that Mother's testimony would be improper because it would be based on hearsay, stating,

> [Mother] absolutely could not testify as to what a doctor told her regarding a possible STD if it were introduced for the truth of the matter asserted, ie, [sic] that [M]other tested positive for an STD. And that is the *exact purpose* the State would introduce such testimony and no such [hearsay] exception under [Rule 11-803 NMRA] would allow that.

(Emphasis added.)

**{14}** The State argues that it could present evidence Mother had chlamydia without relying on hearsay, contending Mother could testify about her experience with chlamydia and that she could have known she had an infection apart from her doctor telling her so. Defendant argues that the State failed to preserve its objection to the district court's hearsay ruling. We determine the claim was preserved and agree with the State on this issue.

**{15}** A witness having personal knowledge of relevant matters is competent to testify. *See* Rule 11-602 NMRA; *State v. Martinez*, 1986-NMCA-069, ¶ 9, 104 N.M. 584, 725 P.2d 263; *see also State v. Luna*, 1979-NMCA-048, ¶ 19, 92 N.M. 680, 594 P.2d 340 (recognizing that lay witnesses may give opinion testimony concerning their own perceptions where that opinion is helpful to the determination of a fact in issue); *cf.* Rule 11-701(C) NMRA (preventing lay witnesses from testifying "based on scientific, technical or other specialized knowledge within the scope of [the rule governing testimony by experts]").

**{16}** To the extent the district court determined Mother's testimony about her chlamydia infection would be based solely on hearsay statements from a medical professional, we disagree. Rather than solely relying on her doctor's statements, we are satisfied the State also proffered evidence of Mother's chlamydia infection based on Mother's personal knowledge of her condition. The State informed the district court that "[Mother] can make statements about her own medical conditions" and that "[l]ay witnesses are generally competent to testify as to their own knowledge of their diseases, injuries, or physical condition."

**{17}** Because these statements indicate that the State proffered Mother's testimony, at least partly based on matters within her own personal knowledge, we disagree with Defendant's argument that the State failed to preserve its objection to the district court's ruling, citing Rule 11-103(A)(2) NMRA. We are satisfied that that "the substance of [Mother's testimony] . . . was apparent from the context[,]" *id.*, such that the district court was "advise[d] . . . of the nature of the evidence so that the . . . court [could] intelligently consider it." *State v. Shaw*, 1977-NMCA-059, ¶12, 90 N.M. 540, 565 P.2d 1057 (discussing the rationale behind Rule 11-103(A)(2)).

**{18}** Accordingly—based on the record before us, which is limited because the district court ruled in response to a motion in limine—we believe the district court erred by concluding that Mother's testimony is inadmissible hearsay because it appears to be based on Mother's personal knowledge of her own medical condition. This testimony is not hearsay. We note, however, that the district court's ruling as to Mother's testimony was preliminary. *See Kysar v. BP Am. Prod. Co.*, 2012-NMCA-036, ¶ 23, 273 P.3d 867 (noting that the "ruling on [a] motion in limine may subsequently be changed, expanded or modified by the district court in light of the development of the evidence at trial"). Because the State has not yet identified the precise substance of Mother's expected testimony at trial, our decision does not preclude the district court from exercising its discretion to revisit the in limine ruling or make further rulings on any additional challenges to admissibility Defendant makes upon remand *See id.* ("It is often impossible to make definitive evidentiary rulings prior to trial because admissibility will depend on the state of the evidence at the time of the ruling." (internal quotation marks and citation omitted)).

**CONCLUSION**

**{19}** We reverse and remand for further proceedings consistent with this opinion.

**{20} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**