This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40461

**SARAH MAESTAS BARNES,**

 Protestant-Appellee,

v.

**NEW MEXICO TAXATION & REVENUE DEPARTMENT,**

 Respondent-Appellant,

**IN THE MATTER OF THE PROTEST TO ASSESSMENT ISSUED UNDER LETTER ID NO. 11302456752.**

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Chris Romero, Administrative Hearing Officer**

Spencer Fane LLP
Frank Crociata
Scott Woody
Phoenix, AZ

for Appellee

Raúl Torrez, Attorney General
Cordelia Anna Friedman, Special Assistant Attorney General
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}**     New Mexico Taxation and Revenue Department (TRD) appeals from the Administrative Hearing Officer's (AHO) "Decision and Order" concluding that Taxpayer Sarah Maestas Barnes received no taxable gross receipts, granting Taxpayer's protest and abating, in full, the assessment against Taxpayer by TRD based on the alleged gross receipts. TRD argues on appeal that because Taxpayer's documentary evidence was unreliable or otherwise infirm, the AHO's conclusion was supported only by witness testimony. Based on this assertion, TRD further contends that witness testimony is alone insufficient to substantiate the AHO's conclusion that Taxpayer received no taxable gross receipts. For the following reasons, we affirm.

## BACKGROUND

**{2}**     Because this is an unpublished memorandum opinion written solely for the benefit of the parties, *see State v. Gonzales*, 1990-NMCA-040, ¶ 48, 110 N.M. 218, 794 P.2d 361, and the parties are familiar with the factual and procedural background of this case, we omit a background section and leave the discussion of the facts for our analysis of the issues.

## DISCUSSION

### I.     Standard of Review for Administrative Decisions

**{3}**     In reviewing agency decisions, we apply the whole record standard of review and consider all the evidence below. *Duke City Lumber Co. v. N.M. Env't Improvement Bd.*, 1984-NMSC-042, ¶¶ 13, 14, 101 N.M. 291, 681 P.2d 717. We may reverse the AHO's decision only if that decision is "(1) arbitrary, capricious or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." NMSA 1978, § 7-1-25(C) (2015). "The party challenging an agency decision bears the burden on appeal of showing that agency action falls within one of the oft-mentioned grounds." *Regents of Univ. of N.M. v. N.M. Fed'n of Tchrs.*, 1998-NMSC-020, ¶ 17, 125 N.M. 401, 962 P.2d 1236 (internal quotation marks and citation omitted).

### II.     TRD's Argument That Witness Testimony Is Alone Insufficient to Substantiate the AHO's Decision and Order

**{4}**     TRD states that "the issue before [this Court] is not whether Taxpayer presented substantial evidence to support the [AHO]'s decision, but rather whether the [Decision and Order]'s conclusions that Taxpayer *did not* receive taxable receipts is supported by substantial evidence in the record." TRD asserts that witness testimony is alone insufficient to substantiate the AHO's conclusion that Taxpayer received no taxable receipts. Specifically, TRD contends that "[t]he [AHO] exalted the unsubstantiated statements of Taxpayer's witnesses over the content of the documentary evidence to the contrary and, in so doing, overlooked the documentary evidence in favor of less reliable and uncorroborated testimony and evidence." Further, regarding the testimony in support of Taxpayer, TRD argues that "[t]his testimony was speculative, lacked foundation or support of documentary proof . . . and was unsubstantiated or contrary to

the admitted documentary evidence." In asserting that the AHO's conclusion was supported only by witness testimony, TRD alleges various infirmities with Taxpayer's presented documentary evidence.

**{5}** "Substantial evidence is evidence that a reasonable mind would regard as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). "[T]he question is not whether substantial evidence exists to support the opposite result, but rather whether such evidence supports the result reached." *Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 7, 288 P.3d 902 (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to the decision, but may not view favorable evidence with total disregard to contravening evidence. This Court neither reweighs the evidence nor replaces the [AHO]'s conclusions with its own." *Bernalillo Cnty. Health Care Corp. v. N.M. Pub. Regul. Comm'n*, 2014-NMSC-008, ¶ 26, 319 P.3d 1284 (internal quotation marks and citation omitted). Finally, "[i]f more than one inference can be drawn from the evidence then the inference drawn by the [AHO] is conclusive." *Kewanee Indus., Inc. v. Reese*, 1993-NMSC-006, ¶ 6, 114 N.M. 784, 845 P.2d 1238.

**{6}** We first address TRD's assertion that Taxpayer's testimony is alone insufficient to substantiate the AHO's conclusion that Taxpayer received no taxable receipts. We disagree with this assertion.

**{7}** TRD's argument ignores "the fact that it is well-settled in New Mexico that the testimony of a single witness, if found credible by the fact-finder, is sufficient to constitute substantial evidence." *Process Equip. & Serv. Co., Inc. v. N.M. Tax'n Revenue Dep't*, 2023-NMCA-060, ¶ 31, 534 P.3d 1043, *cert. denied* (S-1-SC-40073, Oct. 11, 2023); *Autrey v. Autrey*, 2022-NMCA-042, ¶ 9, 516 P.3d 207 (same), *cert. granted* (S-1-SC-39371, Aug. 10, 2022), *cert. quashed* (S-1-SC-39371, June 28, 2023). Here, Taxpayer's testimony was found to be credible by the AHO. Because

> [i]t is the sole responsibility of the [AHO] to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies, . . . we, as the reviewing court, do not weigh the credibility of live witnesses. Thus, the [AHO]'s credibility determinations stand on appeal.

*N.M. Tax'n & Revenue Dep't v. Casias Trucking*, 2014-NMCA-099, ¶ 23, 336 P.3d 436 (alteration, internal quotation marks, and citation omitted). What's more, "[c]redibility is not determined by the number of witnesses." *State v. Soliz*, 1969-NMCA-043, ¶ 8, 80 N.M. 297, 454 P.2d 779.

**{8}** Additionally, although relevant to the next issue we will discuss, we consider instructive on this point as well, what this Court stated in *Gemini Las Colinas, LLC v. New Mexico Taxation & Revenue Department*, 2023-NMCA-039, 531 P.3d 622. There, in a case similar to the present case, "[the t]axpayer sought to rebut the presumption [of correctness] factually, by coming forward with some countervailing evidence tending to

dispute the factual correctness of the assessment." *Id.* ¶ 37 (internal quotation marks and citation omitted). To do so, "[the t]axpayer introduced evidence in the form of sworn testimony that the tax form relied upon by the [TRD] to assess [the t]axpayer's tax liability . . . did not accurately represent [the t]axpayer's . . . revenue for the purpose of determining gross receipts tax liability." *Id.* In *Gemini Las Colinas, LLC*, this Court concluded:

> This testimony went beyond mere conclusory statements: it provided a specific rationale for why the relevant rental revenue was not accurately represented on the tax forms. In essence, [the t]axpayer's testimonial evidence sought to show that, because the tax form in question was filed by [the t]axpayer's parent company, and because that parent company is principally owned by a real estate investment trust, the income reported on [the form] was subject to certain adjustments and ultimately reflected a stripped down version of the rent that was inaccurate for gross receipts tax purposes. Even if this evidence may be susceptible to criticism, we believe that it nevertheless went beyond mere unsubstantiated statements, and clearly tended to dispute the factual correctness of the assessment. It was relevant to the [TRD]'s assessment method and included a factual basis for concluding that the form underrepresented [the t]axpayer's rental income.

*Id.* (alteration, internal quotation marks, and citation omitted).

**{9}** Here, like in *Gemini Las Colinas, LLC*, Taxpayer's testimony went beyond mere conclusory statements: it provided specific rationale as to why the Social Security Administration Forms 1099-MISC (SSA 1099s) were incorrect and why Taxpayer did not receive the income reported on them. Taxpayer's testimony is alone sufficient to provide substantial evidence to support the AHO's decision.

**{10}** Next, we address TRD's contention that Taxpayer's testimony stands alone. As to this contention, TRD relies on *Casias Trucking* and argues that the "[AHO] exalted the unsubstantiated statements of Taxpayer's witnesses over the content of the documentary evidence to the contrary and, in so doing, overlooked the documentary evidence in favor of less reliable and uncorroborated testimony and evidence." *See Casias Trucking*, 2014-NMCA-099, ¶ 8 ("[U]nsubstantiated statements that the assessment is incorrect cannot overcome the presumption of correctness. Absent a showing of incorrectness by taxpayers, the audit and notice of assessment of taxes must stand." (internal quotation marks and citations omitted)). In so arguing, TRD asserts that the AHO gave too much credence to the affidavit of Feliz Martone because it was not testimony from a live, disinterested witness. TRD additionally argues that "[t]he Department was denied a crucial tool in its inability to cross-examine Ms. Martone as to her statements about the facts of this case." We turn now to address these arguments.

**{11}**   We first note that the rule governing evidence at hearings under the New Mexico Tax Administration Act provides that the "New Mexico rules of evidence . . . shall not apply in any matter before the administrative hearings office" and in fact provides that "[r]eliable hearsay evidence is admissible during the protest proceeding." 22.600.3.24(C), (D) NMAC. We therefore reject TRD's argument that it was prejudiced by the inability to cross-examine Feliz Martone.

**{12}**   TRD asserts Feliz Martone's affidavit should not have been afforded such weight because (1) Feliz Martone states in her affidavit that she "believes" certain things, indicating that she lacks personal knowledge; and (2) Feliz Martone is not a disinterested party due to separate litigation between Taxpayer and the firm. Neither argument persuades us that the AHO improperly relied on Feliz Martone's affidavit.

**{13}**   First, TRD argues that Feliz Martone lacked personal knowledge of the information contained in her affidavit because she stated therein that she "'believes' certain things." However, Feliz Martone states only once in her affidavit that "[t]he audit I was subjected to, *I believe,* involved the exact same issue and circumstances that [Taxpayer] faces for 2015 through 2018." Yet the issue on appeal is not whether Feliz Martone was subject to an audit with the same issue and circumstances as Taxpayer. Instead, the issues on appeal include whether Taxpayer performed work for the firm, whether she was an employee thereof, whether she was paid as such during the relevant period, how she was paid and, in the end, whether she or the firm were responsible for payment of gross receipts tax based on the income reported on the SSA 1099s issued to Taxpayer.

**{14}**   As to those issues, Feliz Martone states in her affidavit: (1) "[Taxpayer] performed limited work for the [f]irm in 2015, . . . [Taxpayer] performed no work for the [f]irm in 2016"; (2) "[a]t all times during her employment with the [f]irm, [Taxpayer] was a part-time W-2 wage earner. Her only remuneration from the [f]irm consisted of W-2 wages, except for certain reimbursements from the [f]irm for expenses such as New Mexico State Bar Association membership dues and attendance at Continuing Legal Education events"; (3) "[a]t no time did [Taxpayer] have any right to, ownership of, or interest in any fees paid directly by the Social Security Administration ("SSA") on behalf of the [f]irm's clients"; (4) "[a]ll client fees paid directly by the SSA, in the name of [Taxpayer], both during her employment with the [f]irm and after her employment with the [f]irm ended, were paid into the [f]irm's US Bank business checking account"; (5) "[t]he SSA direct-paid client fees . . . constitute gross receipts to the [f]irm as a professional corporation"; and (6) "[t]he [f]irm is solely responsible to pay the New Mexico Gross Receipts Tax on all client fees paid directly by the SSA on behalf of all the attorneys named on their Forms 1099-MISC, including all fees paid in the name of [Taxpayer] and reflected on 1099-MISC forms issued to [Taxpayer] by the SSA." Contrary to TRD's argument, Feliz Martone's assertions are material facts about which Feliz Martone had personal knowledge. *See State v. Martinez*, 1986-NMCA-069, ¶ 9, 104 N.M. 584, 725 P.2d 263 ("A witness having personal knowledge of relevant matters is competent to testify.").

**{15}** Second, TRD argues that Feliz Martone is interested in the outcome of this case because of her status as a party in separate litigation between Taxpayer and the firm, rendering her affidavit unreliable. However, the AHO knew of the pending litigation between Taxpayer and the firm and, nevertheless, deemed the affidavit reliable. In this case, "the [AHO] acts as a trier of fact and must ultimately weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies." *Gemini Las Colinas, LLC*, 2023-NMCA-039, ¶ 17 (internal quotation marks and citation omitted). "[W]e neither reweigh the evidence nor replace the [AHO's] conclusions with our own." *Dewitt v. Rent-A-Ctr., Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341.

**{16}** Finally, in arguing that the AHO "exalted the unsubstantiated statements of Taxpayer's witnesses over the content of the documentary evidence to the contrary," TRD relies almost entirely on the SSA 1099s. However, the AHO determined the SSA 1099s were erroneous and "[t]hey wholly fail to accurately report income paid by SSA to, and received by, [Taxpayer] and cannot reliably form the basis for taxation under the New Mexico Gross Receipts and Compensating Tax Act because [Taxpayer] never received this money."

**{17}** In reaching this conclusion, the AHO logically and convincingly pointed out, despite TRD's challenges to Taxpayer's testimony and evidence, that (1) Section 7-9-3.5(A)(1), defines "gross receipts" as "the total amount of money or the value of other consideration received . . . from performing services in New Mexico"; (2) "[t]he critical term in this case is 'received' in that receipts must derive from a specified activity and actually be *received*"; (3) "the SSA continues to report substantial amounts of nonemployee compensation to [Taxpayer] even after her employment with [l]aw [f]irm ended in 2016"; (4) "[Taxpayer] credibly testified that she had not practiced before the SSA since 2015. Yet, the SSA reports more than $138,000.00 in nonemployee compensation in the remaining years under the [a]assessment; years in which [Taxpayer] credibly testified that she neither practiced nor derived nonemployee or any other compensation from SSA"; (5) "[l]aw [f]irm has accepted responsibility for payment of [the] gross receipts tax by entering into an installment agreement"; (6) law firm affirmed that it "is solely responsible to pay the New Mexico [g]ross [r]eceipts [t]ax on all client fees paid directly by the SSA on behalf of all the attorneys named on their forms 1099-MISC, including all fees paid in the name of [Taxpayer] and reflected on 1099-MISC forms issued to [Taxpayer] by the SSA"; (7) "[w]ith regard for 2015, [Taxpayer] was compensated as a W-2 employee of [l]aw [f]irm and she had no interest whatsoever in [l]aw [f]irm or its accounts"; (8) "[TRD's witness] testified that the 1099-MISC forms form the basis for the [a]ssessment"; and (9) "[a]lthough . . . the 1099-MISC forms represent a reasonable starting point in evaluating whether there is a gross receipts tax liability, the evaluation cannot disregard other reliable, trustworthy, and credible evidence which substantially diminishes the reliability of . . . the 1099-MISC forms."

**{18}** We agree with these points, with the conclusions the AHO arrived at based on them, and conclude that they are based on substantial evidence in the record as a

whole. Again, we will neither reweigh the evidence nor replace the AHO's conclusion with our own. *Dewitt v. Rent-A-Ctr., Inc.*, 2009-NMSC-032, ¶ 12. The AHO was permitted to find Taxpayer's testimony and evidence credible and the SSA 1099s erroneous.

**{19}** We need not address TRD's remaining arguments alleging various infirmities with Taxpayer's documentary evidence. The AHO's decision was sufficiently supported by Taxpayer's testimony standing alone, *see Gemini Las Colinas. LLC*, 2023-NMCA-039, ¶ 37, and certainly by Taxpayer's testimony in combination with Feliz Martone's affidavit.

**{20}** Consequently, we hold that the AHO's Decision and Order is supported by substantial evidence and is not arbitrary, capricious, or contrary to law.

**CONCLUSION**

**{21}** We affirm the AHO's Decision and Order.[1]

**{22}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JANE B. YOHALEM, Judge**

**KATHERINE A. WRAY, Judge**

---

[1]Taxpayer requests an award of attorney fees, pursuant to Section 7-1-25(D). As we have upheld the decision of the AHO, Taxpayer may submit a motion for reasonable attorney fees in association therewith. *See* Rule 12-403(B) NMRA (setting forth allowable costs and reasonable attorney fees, which the appellate court may, in its discretion, award to the prevailing party on request); Rule 16-105(A) NMRA (setting forth the factors to be considered in determining the reasonableness of a fee).